ROBERT HOGAN *v.* AZOR HOYT AND OTHERS, ON THE
APPEAL OF HORACE DRESSER AGAINST FAUSTO MORA,
THE PURCHASER, RESPONDENT.

*Foreclosure—Practice—Judgment and Report of Sale—Amendment nunc pro
tunc.*

The judgment of foreclosure and the report of sale are proceedings in the
same Court, which has authority to amend its proceedings, including its order
of sale at any time, nunc pro tunc.

A motion to amend the order of sale after the premises had been sold by the
Sheriff of the county, so that it should read, " that the premises to be sold by
the Sheriff, &c.," instead of, " by A. B., referee," &c., is in the discretion of the
Court.

APPEAL from an order of the Supreme Court, directing the
amendment of the judgment of foreclosure under which the Re-
spondent purchased, by substituting the name of the Sheriff of
the city and county of New York, who made the sale, in place
of that of Livingston K. Miller, the referee, who was designated
for that purpose in the original decree.

The material facts were as follows, as disclosed by the papers
in the Court below :

In Dec., 1850, the Defendant, Azor Hoyt, executed a mortgage
to the Plaintiff for $4,600, covering the premises known as No.
239 West Twenty-third street, in the city of New York.    In
August, 1851, the mortgagor conveyed the premises to the Appel-
lant Dresser.    In 1854 a foreclosure suit was commenced against
Hoyt and Dresser, which resulted in a judgment of foreclosure,
in Jan. 7, 1855, authorizing a sale of the premises by L. K. Mil-
ler, as referee.

In March, 1855, at the request of the Appellant Dresser, An-
tonio M. Mora and Jose A. Mora purchased the judgment in this
action, and another foreclosure judgment in favor of Charles A.
Davison ; and in August, 1856, they caused the premises to be ad-
vertised for sale by James C. Willett, who was then Sheriff of
New York.    He sold them, pursuant to this advertisement, in

Sept., 1856, and they were purchased by the Moras, to whom, in October following, he delivered the usual Sheriff's deed.

In February, 1859, the Moras moved for the correction of certain mistakes connected with the Sheriff's sale, and the Appellant Dresser moved to vacate the proceedings, on various grounds, one of which was the inadequacy of price at the sale. The report of the Sheriff was amended and confirmed, and the motion of Dresser was denied. Both orders were affirmed on appeal to the General Term. The Moras entered into possession of the premises, which they afterward sold to other parties, and, through divers mesne conveyances, the title was acquired by Fausto Mora, the present Respondent.

In 1864 he contracted to sell the property to another party, who objected to receiving a conveyance on discovery of the fact that the sale made by the Sheriff was directed in the decree to be made by a referee.

To obviate this objection, the Respondent moved for an amendment of the judgment of foreclosure, by substituting for the name of Livingston K. Miller, referee, that of the Sheriff of the city and county of New York, by whom the sale was actually made. The Appellant opposed the motion, mainly on the same grounds on which his previous motion had been denied. The application was heard and granted at Special Term by Mr. Justice Foster, and his decision was unanimously affirmed at the General Term.

*John H. Reynolds* for Appellant.

*William F. Allen* and *C. H. Van Brunt* for Respondent.

Porter, J.—The Appellant is mistaken in supposing that the judgment of foreclosure and the report of sale are not " proceedings " in the Court below. The authority of that Court to amend them, nunc pro tunc, is too clear to be open to discussion, either here or elsewhere (Code, § 173).

The question was one addressed to the discretion of the Supreme Court; and no facts appear in the papers to invest an appellate tribunal with authority to reverse its decision. We are bound to assume that the sale was fairly made, for that was settled

in the Court below, by an adjudication at the General Term, in which the Appellant acquiesced. The question, whether the sale should be made by the Sheriff or a referee, was one which rested in judicial discretion. The legal presumption is that it was honest and fair. In either case it was made by a responsible officer, under the immediate supervision of the Court, by which it was approved on a hearing of all the parties.

There is no force in the objections that the Complainant, Hogan, is dead; that the action has not been revived; and that Fausto Mora, the purchaser, was not a party to the suit in which the motion was made. We had occasion to consider these questions in the case of Sawyer *v.* Hubbell, decided at the last term, and our conclusions were in accordance with the views now maintained by the Respondent.

The Appellant, who acquiesced in a sale by the Sheriff, could take no more effectual means to quiet the fears of a purchaser; and he is not in a position now to avail himself of an afterthought, by opposing technical cavils to the rights of a vendee who bought in perfect good faith. The Court below was clearly right in its decision, and its order should be affirmed, with costs, as upon a special motion.

All the Judges concurring,

Judgment accordingly.