Marcele agt. Saltzman.

---

## SUPREME COURT.

JULIUS MARCELE agt. AUGUSTE SALTZMAN, as executor, &c.

*Practice — Service of orders to show cause irregular when made by mail though received within the time limited for service — Code of Civil Procedure, sections 797 and 798.*

An order to show cause which provides that service of a copy on the plaintiff's attorney two days before the return day thereof shall be deemed sufficient service requires *personal service* on the attorney.

To make service by mail regular, under sections 797 and 798 of the Code of Civil Procedure, the order must provide for service by mail.

The fact that the papers were *received* more than two days before the return day does not cure the defect.

*Oneida Special Term, Utica, January,* 1884.

ON December 10, 1883, two orders to show cause — one to file security for costs; the other to furnish a further bill of particulars — were granted to the defendant by one of the justices of this court in the second department, both returnable at a special term to be held at Utica, December 15. Each order providing as follows: "Further ordered, that service of a copy of this order on plaintiff's attorney, two days before the return day thereof, shall be deemed sufficient service."

The proof of service was that the orders to show cause, with the affidavits on which they were founded, were served

on the attorney of the plaintiff, who lived at Carthage, Jefferson county, on December 10, by mailing copies to him at his address.

The plaintiff not appearing on the return day, the orders sought under the rules to show cause were granted by default. January 8, 1884, the plaintiff, on notice, moved to vacate the orders for irregularity. In the affidavit for this motion the attorney of the plaintiff stated that the two sets of motion papers were never served on him except by mail; that they were taken by him from the post-office on the morning of December 12, 1883.

*William Kernan*, for plaintiff.

*A. H. Ely*, for defendant.

MERWIN, *J.* — The orders to show cause required two days' service on plaintiff's attorney. This, upon its face, meant personal service, as service by mail was not specified (18 *Barb.*, 393).

It is, however, claimed that under section 798 of Code of Civil Procedure it was regular to serve by mail, double the time being given. That section allows such service in cases where, in the Code or in the general rules of practice, a time is specified for doing of an act requiring notice.

In the present case the time is only specified in the order to show cause, and that does not provide for service by mail. In my opinion service by mail was not regular; still the papers were, in fact, received more than two days before the return day and were not returned. The receiving in time has been held to be important in some cases (*Hurl* agt. *Davis*, 13 *How.*, 57, 59; *Schenck* agt. *McKie*, 4 *How.*, 246). The plaintiff's attorney shows a good excuse for not appearing to contest the motions. The orders, or one of them at least, is of that character that the party should have the opportunity to put in his defense to it.

Upon the whole I think the orders of December 15, 1883,

should be vacated without prejudice to a renewal of the motions. Costs of this motion to abide the event.

Ordered accordingly.

NOTE.—The case cited from 18 *Barbour*, 393 (*Rathbone* agt. *Acker*), was one where a statute provided that if an owner neglected to construct a sidewalk "for ninety days after notice thereof to be served on such owner or his agent," &c.; and it was *held*, "where a statute requires service on a person it means personal service unless some other service is specified or indicated! *Quære*, what application has that decision to this case. And is not some other than *personal* service specified or indicated in sections 796, 797 and 798 of the Code of Civil Procedure. The order to show cause is, in effect, but a notice of motion (*Pitt* agt. *Davidson*, 37 *N. Y.*, 242). *Hurd* agt. *Davis* (13 *How.*, 57), and *Schenck* agt. *McKie* (4 *How.*, 245), would seem to be cited only to overrule them. In each of these cases the papers were mailed *at* the wrong post-office. In the first case HARRIS, J., says: "Had the answer in fact reached the attorneys in time it might have been treated as a good personal service from that time;" and the decision in the second case is of like import. In *Gross* agt. *Clark* (1 *Code Civil Pro.*, 17, *decided in general term, first department, January*, 1881), the court *held* that if the manner of service of an order was irregular the irregularity was cured and the service became complete from the time it reached the attorney's hands, and that service of a copy of an order (except in contempt proceedings) on the attorney without exhibiting the original was regular. The Code having prescribed the manner of service, has the judge in granting orders to show cause power to vary the manner. Can he do more than direct that less than eight days notice shall be sufficient. If the law requires personal service can the order make service by mail sufficient, *quære.*—[ED.