EXECUTORS OF
BRASHER
v.
CORTLANDT.

\*EXECUTORS OF BRASHER *against* CORTLANDT, a luna-
tic, by his committee, &c.

A purchaser under a decree of the Court, at a master's sale, may be com-
pelled to complete the purchase; and the Court, where the conditions
of the sale give no alternative to the purchaser, will exercise its discre-
tion, under the circumstances of the case, in coercing the purchaser
by an attachment.

*July* 2d.

CRAIG, for the plaintiff, moved for an attachment against
*Stephen S. Clay*, for refusing to complete a purchase, in this
case, made on a master's sale, under the decree of the
Court.

On the 12th of *March* last, it was decreed, that so much
of a tract of land, of 480 acres, in *Yorktown*, in *Westchester*
county, belonging to the lunatic, as should be sufficient to
raise 736 dollars 24 cents, with interest from the 30th of
*October* preceding, and costs, be sold, &c.

On the 5th of *June* last, 100 acres of the tract were sold
by a master, in pursuance of the decree, and struck off to
*Stephen S. Clay* for 16,000 dollars, who paid 50 dollars as
a deposit. The sale was confirmed by an order of the
Court on the 9th of *June*, and the master was directed to
execute and deliver a deed to the purchaser, and receive
the purchase money, &c. In pursuance of this last order,
the master had executed, and tendered, a deed to the pur-
chaser, who peremptorily refused to pay the purchase
money and receive the deed. On the 25th of *June*, it was
ordered, that *Clay* complete his purchase by paying the
purchase money, with interest from the time he was re-
ported the highest bidder; or that he show cause, by the
30th of *June*, why an attachment should not issue against
him.

*Clay* now showed cause, by stating, that he was requested
by *Wm. R. Van Cortlandt, jun.*, one of the committee, to
[ \* 506 ]    become a purchaser, in behalf of him, *Wm. R. Van* \**Cort-
landt*. That it was then represented to him, that it was in-
tended to appeal from the decretal order of the 12th of
*March* last; and the request for him to purchase was to pre-
vent the possibility of loss, in case the decree should be af-
firmed. That he became a purchaser from motives of friend-
ship for *Wm. R. Van Cortlandt*. That after the sale, he
was again informed that an appeal was intended, and would
prevent the necessity of his complying with the purchase,
and he, accordingly, took no measures to complete it.

It further appeared, that an appeal had been filed in this cause, on the 1st of *July* inst.; and that the solicitor for the defendants had advised them it could not be done, until after the sale had been made and confirmed.

*Baldwin*, for the defendants, resisted the motion for an attachment, on the ground, principally, that an appeal had been interposed, which ought to arrest all the proceedings.

THE CHANCELLOR. The purchaser ought, in this case, to be compelled to complete his purchase. Such an order was made in the case of *Lansdown* v. *Eldon*, (14 *Vesey*, 512.) and several cases of the like kind, in the Court of Exchequer, were there referred to. The lord chancellor, in that case, ordered the purchaser to pay his purchase money within a fortnight, or stand committed; and he observed, that a purchaser could not be permitted to baffle the Court. If no order of this kind could be made in this case, it would follow that not only the purchaser, but the committee of the lunatic, would be permitted to baffle the Court, and sport with its decree. The committee, who are in possession of the lunatic's property, and have apportioned it among them, as his children, and who have admitted the justice of the plaintiff's debt, have, already, in the former progress of this suit, shown a disposition to *embarrass and defeat the recovery;† and they now procure a nominal purchaser, without any intention, on his part, or on their part, that the purchase should be carried into effect. This is to me quite apparent. The appeal is, also, interposed after the decree for a sale had been essentially executed, and it cannot be permitted to supersede the completion of the purchase. I do not mean, at present, to lay down any general rule on the subject of coercing a purchaser by attachment; but I ought not to hesitate, under the circumstances of this case; and I have no doubt the Court may, in its discretion, do it, in every case, where the previous conditions of the sale have not given the purchaser an alternative. Here it has become necessary, in order to give due effect to the authority and process of the Court, and to preserve them from being treated with contempt. The forfeiture of the deposit would not be sufficient, either as a punishment to the one party, or as a satisfaction to the other. In *Savill* v. *Savill*, (1 *P. Wms.* 745.) where the Court would not make an order on the purchaser to complete his purchase, but thought the forfeiture of the deposit, which the purchaser elected to lose, sufficient, the deposit was about one tenth of the purchase money, and the learned editor, Mr. *Cox*, adds a *quære*, whether that case be now the law of the Court.

[ * 507 ]

† S. C. *ante*, p. 243. 400.

I shall order, that the purchaser pay the purchase money in six days, or that an attachment issue.

Order accordingly.