CAZET AND ASTOIN v. HUBBELL AND OTHERS.

PUTNAM AND OTHERS v. MEDBURY AND OTHERS.

HAMILTON v. SAME.

SAWYER v. HUBBELL AND OTHERS.

*Foreclosure—Judgment—Purchaser—Jurisdiction.*

One who purchases under a judgment of foreclosure, thereby submits himself to the jurisdiction of the Court; and he may be compelled, on motion, to comply with the conditions of sale.

When the purchaser is in possession, under a decree which has not been fully executed, mere lapse of time is no answer to a motion to compel the payment of the amount of his bid.

When a motion is made, by those having an interest in the fund, that the money be paid into Court, it constitutes no valid objection that one of the original parties is dead, and that the action has not since been revived.

APPEAL by Alrick Hubbell from an order of the Supreme Court, in the Eighth district, affirming an order at Special Term, requiring the Appellant to pay to the treasurer of Monroe county, subject to the order of the Court, the unpaid balance of his bid, on a purchase under a judgment of foreclosure, amounting to $6,362.55, with interest from the 14th of July, 1849; being the surplus moneys on such sale claimed by the Respondents Cazet, Putnam, Hamilton and others, who were judgment creditors of the mortgagor.

It appeared by the papers on which the motion was founded, that Cazet and Astoin, two of the Respondents, recovered judgment in the Supreme Court against Alfred Hubbell, on the 15th of January, 1849, for $1,125.64; that Hollister and Churchill recovered a like judgment for $896.30, on the 25th of that month; that on the same day John Williams recovered a like judgment for $193.27, and Putnam and Whitney a like judgment for $418.27; that Joseph Putnam recovered a like judgment for $416.55, on the 16th of the same month; and Samuel Hamilton

a like judgment for $1,042.49, on the same day. Each of the judgments was duly docketed at the time of its recovery, in the office of the clerk of the county of Monroe, in which the debtor resided, and the executions thereon were respectively returned unsatisfied.

On the 12th of the same month, Hubbell, the debtor, assigned his real and personal property to Messrs. Smith and Medbury, ostensibly for the benefit of his creditors.

On the 2d of May, 1849, James W. Sawyer commenced an action for the foreclosure of a mortgage on real estate of Alfred Hubbell, situate in the county of Monroe, and obtained the usual judgment on the 20th of June, 1849. Under this judgment the premises were sold by George Hart, then sheriff of Monroe county, and were purchased by the Appellant, Alrick Hubbell, on the 14th of July, 1849, for the sum of $10,100. Of this amount, the sum of $87.67 was applied in payment of the attorney's costs; $106.65 in extinguishment of taxes on the property; $118.36 in satisfaction of the fees and disbursements of the sheriff; and $3,424.77 in payment of the judgment of foreclosure, which Alrick Hubbell then owned, and for which he gave his receipt to the sheriff. The balance of the purchase-money, amounting to $6,362.65, with interest, and constituting the surplus fund on the foreclosure sale, has never been paid over, but is still retained by the Appellant. He received from the sheriff the usual conveyance, and has since sold most of the property. Alfred Hubbell, the mortgagor, and the sheriff who made the sale, both died insolvent, and two of the sheriff's sureties are dead. The judgment directed that the surplus moneys arising from the sale should be brought into court to abide its further order.

Suits in equity were commenced in 1849 by Putnam and others of the Respondents, and in 1850 by the Respondent Hamilton, for the purpose of setting aside the assignment of Alfred Hubbell to Messrs. Smith & Medbury, and of reaching the real and personal property, which he had sought to withdraw from the reach of judgment and execution. The assignees and the Appel-

lant, Alrick Hubbell, were brought in as Defendants. These suits resulted in judgments in favor of the respective Plaintiffs in February, 1862. The referee, Judge Foot, found, as matter of fact, that the transfer was made with a fraudulent intent on the part of the assignor, and that Alrick Hubbell, the present Appellant, confederated with the assignor in the fraud, and in placing his property beyond the reach of his creditors. The judgment declared the invalidity of the assignment, directed the appointment of a receiver, and held Alrick Hubbell accountable, as a trustee, for any deficiency in the payment of the Plaintiffs' judgments from the other property of the assignor. From that judgment the respective Defendants appealed, and the usual undertakings were given to stay execution.

A similar action was commenced by the Respondents Cazet and Astoin against the assignees, which was pending and undetermined at the time the motion was made.

The property which came to the hands of the assignees appears to have amounted to about $2,500, from which they are entitled to allowances under the judgments declaring the invalidity of the assignment.

The Appellant, in his opposing affidavit, did not deny that the balance of the purchase-money, constituting the surplus fund on the sale, was in fact unpaid, but he alleged that, " after the sale, he settled with George Hart, sheriff, who made the sale, and gave to said Hart a promissory note, with surety, for the amount of the surplus money, and took a deed of said premises, which note said Hart received in payment of the bid made by deponent on said sale." He adds, that Hart executed and delivered a deed of the premises, and gave him a receipt in full for the amount of his bid on said sale. He claimed to hold large claims and demands against Alfred Hubbell which were still unpaid, and denied that the judgment of Cazet and Astoin was the oldest unsatisfied judgment against him, but specified none of an earlier date which remained unpaid.

The motion was granted on the hearing before Mr. Justice WELLES, at the Monroe Special Term, and, the order having

been affirmed at the General Term, an appeal was taken to this Court.

*Lyman Tremain* for the Appellant.
*Wm. F. Cogswell* for the Respondents.

Porter, J. The Appellant acquired his title to the mortgaged premises under a judgment which directed that the surplus moneys should be paid into court. He took the benefit of the purchase, but by a secret and collusive arrangement with the sheriff he retained the surplus, amounting to $6,362.55, with interest from the 14th of July, 1849. That officer had no authority to remit the payment of any portion of the price, or to accept a note to himself in extinguishment of the Appellant's obligation. By becoming the purchaser, Alrick Hubbell, though not named as a party in the action, submitted himself to the jurisdiction of the Court in the foreclosure suit; and the appropriate remedy, to compel him to pay over the surplus money, was the motion made by the Respondents (Requa *v.* Rea, 2 Paige, 339; Brasher *v.* Cortland, 2 Johns. Ch. 505; Casamajor *v.* Strode, 1 Simons & Stuart, 381; Lansdown *v.* Elderton, 14 Vesey, 512).

It was urged with great force and ability, on the argument, that the obligation to complete the purchase was extinguished by the lapse of time. In this view we cannot concur. The Appellant retains the benefit of the title he acquired through the judgment of foreclosure; and nothing has occurred since which gives him a better right, now than then, to disregard the directions of the tribunal by which that judgment was pronounced. For all the purposes of this proceeding, the action is to be deemed still pending; and there is no statute of limitations ousting the Court of jurisdiction to enforce the execution of its decree. It is no answer to the motion, that such a defence might have prevailed if the parties aggrieved had sought a concurrent remedy, by action against the sheriff for breach of duty. The Respondents have been guilty of no laches. The right to the surplus moneys was presumptively in the assignees until the assignment was adjudged to be fraudulent; and when its inva-

lidity was legally ascertained, the Respondents promptly resorted to their motion.   It is urged, with much force, that Cazet and Astoin were not even then in a position to move, as their action was still undetermined; but this furnishes no ground for reversing the order, as other parties united in the application, who were entitled to the precise relief demanded.

We think there is no force in the objection, that the motion was made without first bringing in, as parties, the representatives of Alfred Hubbell, who was one of the Defendants in the foreclosure suit.   Their substitution was unnecessary for the purpose of compelling the Appellant to complete his purchase by bringing the money into court, and their rights are unaffected by the order, which simply secures the fund by placing it in the custody of the law, without awarding it to either of the claimants (Lynde *v.* O'Donnell, 21 How. 36–39; Brown *v.* Andrews, 1 Barb. 227; McGregor *v.* Comstock, 28 N. Y. 238; Hancock *v.* Hancock, 22 id. 570).

By mistake in entitling the cause, Alrick Hubbell is named in the motion papers as one of the Defendants in the foreclosure suit.   The error is one which we are bound to disregard, as it prejudiced neither of the parties, and affected none of their substantial rights (Code, §§ 173, 176; Bank of Havana *v.* Magee, 20 N. Y. 360).

We think the other points urged in support of the appeal untenable; but as the rights of the parties claiming interests in the fund are not yet finally determined, the order should be modified by allowing the Appellant, if he should so elect, to give a bond to the people, with two sufficient sureties, to be approved by a Justice of the Supreme Court, and to be filed in the office of the clerk of the county of Monroe, securing the payment of the amount named in the order, with interest, as that Court may direct, and the observance of such orders as may be made from time to time in the premises.

With this modification, the order of the Supreme Court should be affirmed.

22

All the Judges concurring except DAVIES, Ch. J., and BOCKES, J.,

Ordered accordingly.

BOCKES, J., read an opinion for reversal, holding—*first*, that Cazet and Astoin had no standing in court to make or join in the application against Hubbell; and *second*, that as regards the other parties, their right to move was lost to them by a lapse of time.

<div align="right">

JOEL TIFFANY,
State Reporter.