CRANE, appellant, v. STIGER *et al.*

*Foreclosure — opening sale — laches — rights of purchaser.*

During the pendency of an action to foreclose a mortgage, the plaintiff agreed with the mortgagor that he would, at the foreclosure sale, purchase the mortgaged property for the amount of the judgment. At the sale, the property was bid in by a son of plaintiff for a small sum, and a judgment for deficiency for the greater part of the mortgage debt entered against the mortgagor. *Held*, that it would be unconscientious and inequitable to allow the sale to stand.

The sale was made in April, 1872. The mortgagor did not give notice of a motion to have it opened until March 31, 1873. *Held*, that the laches of the mortgagor only affected the terms on which he should be relieved, and the purchaser had not acquired a vested right which could not be interfered with by the court.

APPEAL from an order of the special term directing a resale of property previously sold under a decree of foreclosure.

The plaintiff was, in 1870, the owner of five houses and lots in Warren street, in the city of Brooklyn. During that year he sold them to Jacob M. Stiger, one of the defendants, for $4,600 each; in the aggregate $23,000. The consideration was all mortgage. Upon each house was already a mortgage of $2,000, and Stiger

executed to plaintiff a further mortgage of $2,600, giving in all five mortgages. The houses and lots were subsequently conveyed to James S. Taylor, another of the defendants. These mortgages were foreclosed, a separate action being instituted upon each one. The mortgaged premises were, on the 15th day of April, 1872, sold by Abel Crook, Esq., the referee appointed for that purpose by the court. They were purchased by Benjamin F. Crane, a son of the plaintiff, he paying for two houses $500 each, and for the other three $50 each. The referee's deeds were duly executed, delivered and recorded, and judgments for deficiency, amounting in the aggregate to $15,083.03, were entered against Stiger & Taylor. The purchaser took possession of the houses, and improved and rented the same.

Suit on said judgments was brought by plaintiff in New Jersey, in which State Stiger and Taylor resided, and the suit had nearly proceeded to judgment when, on March 31, 1873, plaintiff's attorney was served with motion papers and an order to show cause why said sales should not be set aside, and said judgments of deficiency vacated.

In support of the motion, defendant Stiger swore in brief, as follows: "That when he bought said five houses and lots from the plaintiff and gave back the five mortgages, it was agreed between him and one Stebbins, who was plaintiff's agent for the sale of the premises, that he, Stiger, was not to be held personally liable on the mortgages; that the consideration was $7,000 for each house and lot, and the balance of the contract above the amount of the mortgages was taken in New Jersey land, deeded to plaintiff by Stiger; that after the actions of foreclosure were commenced, plaintiff agreed with said Stiger to buy in the property on the sale for the amounts of the judgments in each case, and at any time within one year, to reconvey the property to Stiger, upon the payment of $1,000 on each house, and again leave the balance on mortgage." The defendant Taylor swore that, in consideration of a release of his wife's dower in the premises for $75, plaintiff agreed not to enter a judgment for deficiency against him.

Stiger, Taylor, and several others, swore that the houses and lots sold were worth $4,600 and upward.

The plaintiff, in his affidavit upon the motion, contradicted the statement of Stiger and Taylor as to transactions with him, and denied that Stebbins was ever his agent.

An order was made, that said sales be opened and resales had, and that the judgments of deficiency be vacated upon Stiger filing a bond, in penalty of $5,000, as security for any deficiency in resale.

Plaintiff, on new affidavits, moved to vacate or modify the order last mentioned; opposing affidavits were put in, and on the 7th of May, 1873, an order was made ordering a resale, but allowing the judgments to stand as security, with injunction restraining plaintiff from proceeding further in said suit in New Jersey.

From this order the appeal is taken.

*Truman H. Baldwin,* for appellant.

*William Dean,* for Benjamin F. Crane, purchaser.

*John H. Bergen,* for respondent.

GILBERT, J. The court below must have found that the agreement sworn to by Stiger, namely, that the plaintiff should purchase at the foreclosure sale for the amount of the judgment, was in fact made. We do not feel warranted to reverse that conclusion. Assuming the existence of that agreement, it would be unconscientious and inequitable to allow the sale to stand. *Frost* v. *Myrick,* 1 Barb. 370. The defendant, it is true, has been guilty of laches, but that fact affects only the terms on which he should be relieved. Nor has the purchaser acquired a vested right which prevents the interference of the court. On the contrary, by becoming a purchaser, he submitted himself to the jurisdiction of the court for all purposes relating to him in that character as if he had been a party to the suit. *Requa* v. *Rea,* 2 Paige, 341; *Cazet* v. *Hubbell,* 36 N. Y. 677.

The order should be affirmed, but without costs.

*Order affirmed.*