Allen, J.
The Supreme Court has power to set aside and vacate a sale of lands made under a judgment upon a foreclosure of a mortgage, or pursuant to any order of the court by an officer thereof, and to order a resale, although there be no fraud, and the sale is in all respects regular.
An application for relief against a judicial sale is addressed to the discretion of the court of original jurisdiction, and no appeal lies, to this court, from an order made in the exercise of such discretion. (Hazleton v. Wakeman, 3 How. Pr., 357; Wakeman v. Price, 3 Comst., 334; Buffalo Savings Bank, v. Reynolds, 33 N. Y., 160 ; Dows v. Congdon, 28 id., 122.) It follows that the same court has power to set aside judicial sales, made pursuant to its judgments, or orders for fraud or irregularity, and that orders vacating sales for such reasons are not re viewable here. (May v. May, 11 Paige, 201.) It is claimed, however, that other parties, strangers to the judgment, and not parties to the sale under it, have become the bona fide purchasers and grantees of the premises from the purchaser at the sheriff’s sale, and that, therefore, the case is taken out of the rule; and that the court had lost jurisdiction to interfere with the sale upon a summary application. If the court had jurisdiction of the parties interested in maintaining the sale it had the same power to do equity, and could as well protect and preserve the equitable rights of all upon a motion addressed to its legal discretion as could be done by a formal action on the equity side of the court. A purchaser at a sheriff’s sale, although a stranger to the judgment or decree, by his purchase submits himself to the jurisdiction of the court, in respect to the sale and purchase. (Cazet v. Hubbell, 36 N. Y., 677; May v. May, 11 Paige, 201.) All acquiring title from and under him take subject to the same jurisdiction. A conveyance to a bona fide purchaser may be a circumstance which will influence the court in the exercise of its discretion, but does not take away jurisdiction. A grantee takes the place of his grantor, and consents to the same jurisdiction, under and subject to which the title is held. He has notice of the source of his grantor’s *342 title, and knowledge of the power of the courts over titles thus acquired, and takes no better or more perfect title, as against the interference of the court, than his grantor had. But the bona fides of the entire course of procedure by which Simpson, the assignee and owner of the judgment, and the purchaser at the public sale, was enabled to acquire the title for the amount due upon the judgment, and less than one-half the value of the premises, without notice to or knowledge of the present respondent, the owner of a moiety of the mortgaged premises, who was prepared to bid more than twice the sum actually bid by him, and to vest a title in severalty, to the whole, in the wife of the owner of the other moiety is more than questionable. The Supreme Court at Special Term evidently gave but little credence to the claim, and the judges at General Term were equally incredulous in respect of it. Mr. Simpson says he bought the judgment as a friend of Byron Maxon, the owner of one-half the equity of redemption, to enable him to save his lands from sacrifice by a sale under the mortgage. He has accomplished much more than this by his intervention and the course adopted. By repeatedly adjourning the sale, and, on two occasions, suffering the sale, as advertised, to fall through, and by once and again publishing the notice of sale in papers of limited local circulation, and published in small villages in different and distant parts of the county, far away from the premises or the residence of the respondent; and, by the forms of a conveyance through Cleveland to Mrs. Byron Maxon, he has, in effect, not only protected the lands of Byron from sacrifice, but has given him the title of the other owners in common with him. This result better and more plausibly accounts for the singular course of procedure after the appearance of Mr. Simpson in the matter than do the unsatisfactory statements and explanations put forth in the affidavits read in opposition to the application. Whatever may be the rights and equities of the parties the Supreme Court will have ample power upon a more thorough investigation of the facts, not only those appearing by the affidavits before *343 us, but upon such other facts as may be disclosed, to do equity between all the parties, and so adjust their rights that justice will be done to each. But, as the court below had the power to grant the order appealed here, this court cannot review it, and the appeal must be dismissed, with costs.
All concur.
Appeal dismissed.