Barnard, P. J.
The papers show that the plaintiff held a mortgage against the defendant, Brunnemer. The mortgage was foreclosed, and at the sale was purchased by the mortgagee for $5,000. The mortgagee assigned his bid to one Lea, and he failed to complete the purchase. The plaintiff resold the property, and bid it in himself for $3,500. There was a deficiency of $1,5.14.19. Lea made no application to the court to he relieved from his bid, nor did his assignor. By the terms of the first sale, upon failure to comply with the conditions of the sale, the premises were to be resold, and the purchaser was to be hable for the deficiency between the first sale and the subsequent one. An assignee of the bid took the responsibility of the broken condition, at least so far as to be a total loss of the deposit, by a deficiency in the second sale. He could not take an assignment free from the equitable claim, which the plaintiff might establish against the fund. Mickle v. Townsend (13 N. Y., 575); Gay v. Gay (10 Paige, 369).
As against the mortgagor, the title must be deemed good. He assented to its validity by the execution of his mortgage upon it, given by himself. The formal application of the $500 on the second bid was not such a decisive election as to make the plaintiff liable to refund the same to the mortgagors, or his assignee. Lea, by the purchase of the bid, became a quasi party to the action, and either he or his assignor could have compelled the application by motion. Cazet v. Hubbard (36 N. Y., 677).
The order should be affirmed with costs and disbursements.
Dykman and Pratt, Ju., concur.