BURTON v. LINN et al.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. FORECLOSURE SALE—CONTRACT OF PURCHASE—ENFORCEMENT.

Although a purchase of property at a foreclosure sale is a contract, yet it is not one which can be enforced in the usual way by an action for specific performance, but the only remedy is by a motion to compel the purchaser to complete his contract.

2. SAME—ATTACHMENT FOR CONTEMPT.

After the purchaser at a foreclosure sale has had his day in court to oppose a motion to compel him to complete his purchase, the conclusion reached by the court requires his obedience like a judgment of specific performance, and it can be enforced by process of attachment for contempt, under Code Civ. Proc. § 2268.

3. SAME—INABILITY TO PERFORM.

Where the court, after a hearing, has made an order requiring a party to an action, or one subject to its jurisdiction, to pay a sum of money, he will not be relieved from punishment for contempt for his refusal to obey, by proof of his inability to do so at the time the order was made.

Ingraham, J., dissenting.

Appeal from special term.

Action by Edward V. Burton against Frank E. Linn and others to foreclose a mortgage. From an order denying a motion to punish Nora O'Connell for contempt, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

James C. De La Mere, for appellant.

RUMSEY, J. The action was brought to foreclose a mortgage upon land, and, pursuant to the judgment which was finally recovered therein, the property was sold on the 13th day of May, 1897. At that sale one Nora O'Connell became the purchaser of plots 344 and 435 of the mortgaged premises. She paid 10 per cent. of the purchase price, as well as the auctioneer's fee, and signed the terms of sale, which was to have been closed on the 3d of June, 1897. On that day, however, she did not take title, but no reason was shown for her action. A motion was subsequently made to compel her to complete the sale. She had notice of that motion, and appeared upon it, and after the hearing an order was made, on the 2d of July, requiring her to complete the purchase, and pay the money and interest, within five days after service of a copy of this order upon her. The order to complete the sale was served, as appears by the papers, on the 2d day of July, 1897. Mrs. O'Connell paid no attention whatever to this order, and afterwards, and on the 21st of July, on proof of the foregoing facts, an order was made for her to show cause why she should not be punished for contempt for refusal to obey the order requiring her to complete the sale. She appeared on the return day, and opposed the motion, asking for time to complete the sale. The court does not appear to have postponed the hearing of the motion, but, without any new facts being made to appear, the motion to punish her for contempt was denied, and from that denial this appeal is taken. None of the foregoing facts are disputed by the purchaser.

Although a purchase of property at a foreclosure sale is a contract, yet it is not one which can be enforced in the usual way by an action for a specific performance. Miller v. Collyer, 36 Barb. 250. The plaintiff in the foreclosure suit is not deemed to stand in such a relation towards the purchaser at the sale as to entitle him to maintain such an action. His only remedy is by motion to compel the purchaser to complete his contract, and, if he cannot succeed upon a motion of that nature, he is entirely remediless, so far as that bid is concerned, and it would be necessary that a resale should be ordered, upon which he would be exposed, not only to the additional expenses which accompany it, but possibly to a considerable loss, because of his inability to secure upon the second sale so large a bid as was made at the first. A motion to complete the sale is substantially a summary proceeding to compel the specific performance of the contract of the bidder to buy, and to a very considerable extent it stands upon the same footing, and is to be decided by the same equitable considerations, as an action for that purpose; and whether, upon such a motion, the court will direct the purchaser to complete the sale, or

will direct a resale to be had, at the expense of the purchaser, is largely in its discretion. But when the purchaser has an opportunity to appear upon such a motion, and to urge upon the court the equitable considerations which should induce it to refuse to order a completion of the sale, and to grant the plaintiff relief in some other way, he has had his day in court upon that subject, and whatever conclusion the court reaches is binding upon the purchaser, and he is bound to obey it precisely as the purchaser in an ordinary contract would be bound to obey a judgment for its specific performance. Indeed, if that were not so, the plaintiff in an action of foreclosure would be entirely remediless, and would be at the mercy of every person who saw fit to try the experiment of bidding at the sale without any intention of becoming an actual purchaser. The jurisdiction of the court to make an order compelling the completion of the sale has been thoroughly well settled by authority for many years. Cazet v. Hubbell, 36 N. Y. 677; Brasher's Ex'rs v. Cortlandt, 2 Johns. Ch. 505; Requa v. Rea, 2 Paige, 339. Such is the condition of affairs presented upon this motion. The purchaser had a hearing upon the motion to compel her to complete the sale. She was at liberty there to urge all such equitable reasons as existed why the order should not be made. If, for any reason, she was unable to complete it, it was her duty to present those reasons there, and to ask the court to relieve her, which it had power to do. Nothing of the sort appears to have been done. She came into court asking for a postponement, and presumably giving no good reasons why she should have it, and the order was made prescribing what she should do in the matter. If that order was improper or was erroneous for any reason, she should have appealed from it. But, so long as she did not do that, it was undoubtedly her duty to obey it, and a refusal to obey it simply deprived the plaintiff of the remedy which the court has adjudged is the only one that he can have, and puts the court at defiance, and establishes a precedent for other suitors to do the same thing. For many years it has been within the power of the court, where such an order has been made, and the purchaser has refused to obey it, to compel its obedience by process of attachment for contempt. Brasher's Ex'rs v. Cortlandt, supra, and cases cited. The power has now been given by statute. Code Civ. Proc. §§ 14, 2266, 2268. Unless the court sees fit to exercise it in this case, the plaintiff in this action goes without remedy, because the purchaser, although in contempt of the order of the court, is not compelled to obey it. Even though it were admissible for her upon this motion to present the equitable considerations which she might have presented upon the motion to compel her to complete the sale, and thereby induced the court to modify its order, or to postpone its execution, she does nothing of the sort. So far as appears by these papers, she simply stands upon her refusal, and sets her face against the order with a deliberate intention not to obey it. No suggestion is made that she is unable to do so, even were such a suggestion available at this time. But nothing of that kind can here be presented. It is too well settled to require the citation of authorities that, where the court, after a hearing, has made an order requiring a party to an action, or one subject to its jurisdiction, to pay a sum of

money, he will not be relieved from punishment for contempt for his refusal to obey such an order by proof that he was not able to pay the money at the time the order was made. Such consideration is to be addressed to the court which made the original order. A denial of the motion to enforce this order would simply amount to a reversal of it without appeal, and it would be subversive of the regular administration of justice, and of the power of the court to enforce its own judgment and orders. No reason is made to appear why the motion should not have been granted, and the order denying it should be reversed, with $10 costs and disbursements. As all the facts are before us, we should grant to the plaintiff the relief to which the papers show him to be entitled, and require the purchaser to complete her sale in accordance with the terms of the original order, which she has disobeyed. The proper order to be made is prescribed by section 2268 of the Code of Civil Procedure, and the motion to punish the purchaser should be granted, and a warrant directed to issue to commit her to prison until the sale is completed in pursuance of the order heretofore made. The plaintiff should have $10 costs of the original motion.

VAN BRUNT, P. J., and WILLIAMS, J., concur.

INGRAHAM, J. (dissenting). The respondent, being the purchaser of property sold under a judgment of foreclosure and sale, was ordered by the court to complete her purchase of the premises that had been struck down to her upon the sale within five days after a service of the copy of the order upon her. That order not having been complied with, the plaintiff made a motion to punish her for contempt. The affidavit upon which this application is made does not show that the property purchased was worth less than that bid by the respondent, or that either the plaintiff or any other party to the action has suffered any damage by the failure of the respondent to comply with this order. There is no doubt but that the order requiring the purchaser to complete her purchase was a valid order, and we think that a failure to comply with such order is within subdivision 2 of section 14 of the Code, which gives a court of record the power to punish for a neglect or failure of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded, or prejudiced, or for any other disobedience to a lawful mandate of the court. In a case to punish under this section, however, it must appear that a right or remedy of a party to a civil proceeding has been defeated, impaired, impeded, or prejudiced by such disobedience. There are no facts here to show that any party has been injured by the refusal of the respondent to comply with the order of the court. She had paid 10 per cent. of her bid, at the time of sale, to the referee, and it does not appear that upon a resale of the property it cannot be sold for such a price as will indemnify the parties to the action for any loss that may have been sustained in consequence of the failure of this respondent to complete the purchase. The application was addressed to the discretion of the court below, and, unless some right or interest of one of

the parties to the action was prejudiced by the refusal of the court to punish for contempt, we should not be disposed, in a case of this kind, to review that discretion. We would not be justified in reversing this order, and it should be affirmed, without costs.