(74 App. Div. 492.)

### ROWLEY v. FELDMAN et al.

(Supreme Court, Appellate Division, First Department.   July 8, 1902.)

1. MORTGAGES—FORECLOSURE—DEFAULTING PURCHASER—LIABILITY—ELECTION TO HOLD MORTGAGOR.

   A purchaser at foreclosure defaulted, and the premises were resold under an order making him liable for the difference between his bid and the bid obtained at the resale. The second sale resulted in a smaller bid, but the mortgagee obtained and attempted to enforce a deficiency judgment against the mortgagor, failing in his attempt. *Held*, that he was not precluded from afterwards proceeding against the defaulting purchaser; he alone, without the mortgagor and the interested lienors, having no power to elect to hold the mortgagor in place of the defaulting purchaser.

2. SAME.

   The attempt to enforce the deficiency judgment against the mortgagor was not inconsistent with the reservation of a right to proceed against the defaulting purchaser if necessary.

3. SAME—NOTICE OF RESALE—SERVICE ON DEFAULTING PURCHASER—NECESSITY.

   A purchaser at foreclosure defaulted, and the property was ordered resold. His mother was a party to the action, and appeared by attorney. He himself was not a party, but his mother's attorney appeared for him on the hearing, which resulted in the order for resale, and notice of the resale was given the attorney. The order for the resale contained no

provision for the service of notice on the purchaser himself. ·Held, that the purchaser could not object that he did not receive notice of the resale.

4. SAME—LIABILITY OF PURCHASER—DIFFERENCE BETWEEN BIDS—INTEREST.

Interest on the difference between the bid of a defaulting purchaser at a mortgage foreclosure sale and the bid obtained at a resale was properly made to run from a date a few days after the filing of the referee's report of the resale, which became final on its confirmation.

5. SAME—REDUCTION OF LIABILITY—APPLICATION OF RENTS.

A defaulting purchaser at a foreclosure sale, made liable for the difference between his bid and the bid obtained at a resale, is not entitled to have sums collected by a receiver for the rents, appointed after his bid and before the resale, applied in reduction of his liability.

6. JUDGMENT DISMISSING CONTEMPT PROCEEDINGS—RES JUDICATA.

A judgment on appeal reversing an order punishing for contempt a defaulting purchaser at foreclosure for failing to pay the difference between his bid and a bid obtained at a resale on the ground that the amount of his liability had not been determined at the time the contempt proceedings were instituted, was not res judicata that he was not liable for such difference.

7. MORTGAGE FORECLOSURE—LIABILITY OF PURCHASER—COSTS AND EXPENSES.

A defaulting purchaser at a foreclosure sale, made liable by order of court for the difference between his bid and the bid obtained at a resale, and for costs and expenses of the resale, is not chargeable with the auctioneer's fees and exchange charges, where, by the terms of the resale, these items are to be paid by the purchaser in addition to his bid.

Appeal from special term, New York county.

Foreclosure proceedings by Horace T. Rowley against Rachel Feldman and others, in which Thomas F. Baldwin was the purchaser at the sale and defaulted. From an order fixing the amount to be paid by him as such defaulting purchaser under an order made on the 22d day of April, 1901, directing a resale of the mortgaged premises, and providing that he should be liable for the difference between his bid and the amount for which the property subsequently sold, together with the costs and expenses of the resale and the water rates, taxes, and assessments which might become liens on the property in the meantime, Baldwin appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles C. Sanders, for appellant.

John Ewen, for respondents.

LAUGHLIN, J. On the foreclosure sale which took place on the 20th day of February, 1901, the premises were awarded to the appellant at his bid of $24,900. No down payment was required, and he subsequently refused to complete the purchase, claiming that he was acting for his mother, who repudiated it. Thereupon an application was made to the court, upon notice· to the appellant, for an order directing a resale of the premises, and adjudging that he be liable for and directed to pay any deficiency between the amount of his bid and the sum for which the premises might sell on such resale, for the costs and expenses of the resale, and for any taxes, water rates, or assessments becoming liens on the property intermediate the date of his bid and the date of resale. That motion was granted, and it resulted in the order of April 22, 1901. On the resale the prop-

erty sold for $23,500, being $1,400 less than the appellant's bid. Water rates aggregating $68 accrued in the meantime, and the costs and expenses of the resale were $109.55, making a total of $1,577.55, which represents the loss to the interested parties by reason of appellant's failure to complete his purchase. A deficiency judgment was entered against the mortgagor for $1,787.31, which the plaintiff was unable to collect. Steps were then taken to enforce the appellant's liability. Upon his failure to pay the deficiency of $1,557.55 after demand, an order was made punishing him for contempt, which was reversed by this court upon the ground that the amount of his liability had not been determined prior to the institution of the contempt proceedings. 66 App. Div. 463, 73 N. Y. Supp. 385. Thereafter an application was made, on notice, to the special term, to have the amount of appellant's liability judicially determined. The motion was granted, and the amount fixed at the sum of $1,557.55, together with interest thereon from the 23d day of May, 1901, which was a few days after the filing of the referee's report of sale, which became final by its confirmation. The appellant did not appeal from the order of April 22, 1901, and it remains in full force, and is res adjudicata as to his liability. The amount of the liability only remained to be determined. The appellant contends that his liability was discharged by an election on the part of the mortgagee to hold the mortgagor for the deficiency which was manifested by proceedings to enforce the deficiency judgment. This claim is untenable. The mortgagor and other lienors, as well as the mortgagee, were interested in the enforcement of the appellant's liability for his failure to complete the purchase. The mortgagee could not elect for the other interested parties, nor was there any election to follow any inconsistent remedy. The mortgagee's endeavor to collect the deficiency judgment from the mortgagor is entirely consistent with a reservation of his right to proceed against the appellant, if necessary, and there was proof to the effect that he pursued that course at the instance of the appellant.

It is also contended by the appellant that the proceedings upon the resale were not binding upon him for the reason that he did not have notice of the resale. The order directing a resale was personally served upon him, and he was before the court when it was made. His mother was a junior mortgagee, and appeared in the action by attorney. The appellant was not a party to the action, but his mother's attorney appeared for him on the hearing which resulted in the order for the resale, and notice of the resale was served upon said attorney, who attended the resale, and bid upon the property. We think there is no merit in this claim. Notice was served upon the attorney who represented the appellant so far as he had been brought before the court in the action. Furthermore, the order contained no provision requiring the service of notice upon him. Had he desired such notice, a provision to that effect would doubtless have been incorporated upon a mere suggestion. Having acquiesced in the order, and allowed the parties to suppose that this attorney was representing him, he cannot be heard now to contend that he did not have notice of the resale, which was duly advertised, even if

entitled thereto. The resale was proceeded with promptly, and took place before the time to appeal from the order of April 22d expired.

We think the appellant was properly chargeable with interest from May 23, 1901. His liability was fixed by the order of April 22d, and the amount of his liability became fixed by the confirmation of the referee's report of sale. While it was essential that he should have a hearing on the determination of this motion before he could be punished for contempt, on such hearing it was proper to charge him with interest on the amount, for in no other way could the parties in interest be fully indemnified.

Intermediate the appellant's bid and the subsequent sale, a receiver of rents was appointed, and he collected $172.83, which was applied on the deficiency judgment. The appellant claims that this sum should have been applied in reduction of the amount of his liability. We think not. The order of April 22d was the basis for determining the amount of his liability, and it contained no such provision. Moreover, he was not, by that order, charged with the interest accruing upon the mortgage debt in the meantime, and consequently he was not entitled to be credited with the rents and profits.

It is further contended that the former order reversing the order punishing the appellant for contempt is res adjudicata that he is not liable. That order merely determines that he was not at that time guilty of contempt, and nothing further.

By the terms of the resale the auctioneer's fees and exchange charges, which aggregate $17, were to be paid by the purchaser in addition to his bid. It appears that this amount is included in the expenses of the resale which goes to make up appellant's liability. Presumably the purchaser paid this item of $17 in accordance with the terms of sale. If that item is to be charged to the appellant as part of the expenses of the resale, it should be added to the purchaser's bid, which would result in reducing the appellant's liability by that amount and interest.

The other points raised have been considered, but do not require special mention. It follows that the order should be modified by reducing the amount for which appellant is liable by the sum of $17 and interest thereon from May 23, 1901, and, as so modified, affirmed, without costs. All concur.