(40 Misc. Rep. 131.)

### DUNLOP v. MULRY et al.

(Supreme Court, Special Term, New York County. February, 1903.)

1. CONTEMPT—ORDER TO SHOW CAUSE.

   An application to punish a purchaser at foreclosure for contempt of court for failure to comply with an order to complete his purchase must be made by an order to show cause, and not on notice of motion.

2. SAME—FORECLOSURE SALE—DEFAULT OF PURCHASER.

   An application to punish purchaser at foreclosure sale for contempt in failing to complete his purchase must show the facts from which the court can adjudge that a right or remedy of the plaintiff has been defeated, impeded, or prejudiced.

**8.** FORECLOSURE SALE—DISCRETION OF COURT.

　　It is within the discretion of the court on foreclosure sale whether it will direct the purchaser to complete the sale or direct a resale to be had at the expense of the purchaser.

　Action by Clark V. Dunlop against Lawrence V. Mulry and others. Motion to punish purchaser at foreclosure sale for contempt. Denied.

　Wells & Snedeker, for plaintiff.

　Gilbert W. Minor, in pro. per.

　LEVENTRITT, J. This is a motion to punish a purchaser at a foreclosure sale for contempt of court for failure to comply with an order directing him to complete his purchase. Independently of the merits, the motion must be denied, for the papers are replete with defects.

　In the first place, the application is made on notice of motion, instead of by order to show cause. This alone is fatal. Sandford v. Sandford, 40 Hun, 540; People v. Rice (Sup.) 26 N. Y. Supp. 345; Code, § 2269. The defect is not cured by referring to the order to show cause on which the order directing the completion of the purchase was made, and which was in the alternative, why the purchaser should not complete or be punished for contempt. That order to show cause was disposed of by the entry of the order granting merely the first part of the relief prayed for. The alternative relief—punishment as for a contempt—was denied, and the purchaser, therefore, is no longer in court on that branch of the order to show cause. Further than that, the present motion papers do not proceed on the former order to show cause, but merely on the order entered thereupon. That order to show cause is consequently not even before the court. The plaintiff moves only on the order directing completion, and the affidavit of his attorney to the effect that the purchase was not completed. Another affidavit is referred to in the notice of motion, but it is not annexed to the moving papers, and was not submitted to the court. This must be treated as a new proceeding to punish for a contempt for the violation of an order not entered when the previous order to show cause was issued, and as such new proceeding requires a new order to show cause.

　Secondly. The moving papers—i. e., the attorney's affidavit and the order directing completion—fail to show any facts from which the court can adjudge that a right or remedy of the plaintiff has been defeated, impaired, impeded, or prejudiced. This defect is also fatal. Code, § 14; Fischer v. Raab, 81 N. Y. 235; First National Bank v. Fitzpatrick, 80 Hun, 75, 30 N. Y. Supp. 15; Socialistic Co-operative Publishing Association v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933. The previous proceedings in this action cannot be resorted to in order to discover these facts, as they are not recited in the notice as the basis of the motion.

　Thirdly. The order directing the purchaser to complete was, according to the affidavit of service of the order annexed to the moving papers, not served until three days after the expiration of the time within which the purchaser was directed to complete. Upon a reexamination of that order, which was made by me, I am of the

opinion that it should not have been entered in the form adopted. By an oversight the purchaser was directed to complete on the same day that the order was signed, which was quite beyond my intention. Deliberation had on this motion satisfies me that that order should be resettled. While there is no doubt of the power of the court to punish for contempt where a purchaser refuses to complete without offering satisfactory explanation for his omission (Burton v. Linn, 21 App. Div. 609, 47 N. Y. Supp. 835), it is entirely in the discretion of the court "whether, upon such a motion, the court will direct the purchaser to complete the sale, or direct a resale to be had at the expense of the purchaser." Burton v. Linn, 21 App. Div. 610, 47 N. Y. Supp. 835. And see Rowley v. Feldman, 66 App. Div. 463, 73 N. Y. Supp. 385. The purchaser should, of course, be held liable for any deficiency on a resale, and if, after the exact amount of the deficiency shall have been fixed by order, he shall then fail to pay it, he can be punished accordingly (Rowley v. Feldman, supra), and his inability to pay will be no excuse (Burton v. Linn, supra); but he must take the consequences of his reckless bidding.

The present motion is denied, and, if the purchaser be so advised, I will entertain a motion for the resettlement, as indicated in this opinion, of the order heretofore entered. Motion denied.