### ROWLEY v. FELDMAN et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. CONTEMPT—PROCEEDINGS TO ENFORCE—DEFENSES—SUBSEQUENT MODIFICATION OF ORDER.

Contempt proceedings instituted against a purchaser at judicial sale for failure to comply with the terms of his bid, and to pay the deficiency after a resale had been made and an order entered determining his liability, cannot be defended on the ground that the order determining his liability was subsequently modified on appeal.

2. SAME—ALTERNATIVE REMEDY—EFFECT.

Under the express provisions of Code Civ. Proc. § 779, authorizing the issuance of execution upon orders, a party is not thereby relieved from punishment for contempt of court for disobedience to an order in any case in which the remedy of enforcement by contempt proceedings then existed.

3. SAME—JURISDICTION TO PUNISH—CODE PROVISIONS.

By the express provisions of Code Civ. Proc. § 14, a court of record has power to punish a neglect or violation of duty, or other misconduct by which a right or remedy of a party to an action may be defeated or prejudiced, in any case where an attachment or other proceeding to punish for contempt has been usually adopted and practiced in courts of record to enforce civil remedies or protect the rights of a party.

4. SAME—EQUITABLE JURISDICTION.

Courts of equity have jurisdiction to punish, by contempt, parties bidding on judicial sales and failing to complete their purchase upon the ground that, by bidding, they subject themselves to the jurisdiction of the court and in effect become parties to the proceedings.

5. SAME—DISCRETION OF COURT.

Where a purchaser at judicial sale fails to complete his purchase, it is discretionary with the court either to compel him to perform his bid by contempt proceedings, or to direct a resale upon notice to him and hold him liable for the deficiency, with interest and costs.

6. SAME—RESORT TO ALTERNATIVE REMEDY—EFFECT.

A purchaser of property at judicial sale who failed to complete his bid cannot defend contempt proceedings instituted against him, on the ground that a resale had been directed instead of proceedings having been taken against him for contempt in the first instance.

7. SAME—ISSUANCE OF EXECUTION—EXCLUSIVENESS OF REMEDY.

Code Civ. Proc. § 779, providing for the issuance of an execution to enforce an order directing the restitution of money paid out of court on a judgment subsequently reversed on appeal, does not provide an exclusive remedy, but the court may enforce the order by contempt proceedings as well as by execution.

Appeal from Special Term, New York County.

Action by Horace T. Rowley against Rachel Feldman and others. From an order denying plaintiff's motion to punish, as for contempt of court, Thomas F. Baldwin, the purchaser of the premises directed to be sold under a decree of the court in said action, for his neglect

¶ 5. See Judicial Sales, vol. 31, Cent. Dig. §§ 50, 52, 55.

and refusal to comply with an order of the court directing him to pay to the referee herein the sum of $1577.55, with interest, plaintiff appeals. Reversed.

See 73 N. Y. Supp. 385; 77 N. Y. Supp. 453.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John Ewen, for appellant.
Charles C. Sanders, for respondent.

LAUGHLIN, J. This matter has frequently been before the court, and the facts are fully stated in the published opinions. Rowley v. Feldman, 66 App. Div. 464, 73 N. Y. Supp. 385; Id., 74 App. Div. 492, 77 N. Y. Supp. 453, affirmed in 173 N. Y. 29, 66 N. E. 1116. It is not necessary that we should more than state the proposition involved, and, briefly, the facts upon which its determination depends. The Special Term denied the motion to punish the respondent for contempt, upon the ground that the plaintiff may issue execution to recover the money which the respondent is required to pay by the order.

This is a foreclosure action. The respondent purchased the property on the public sale by the referee, but he failed and refused to complete his purchase. The plaintiff then, upon proof of the respondent's default and notice to him, made an application to the court for an order that the property be resold, and that the respondent be adjudged to pay the deficiency, if any, together with the extra costs and expenses. The respondent still failing to comply with his bid, the court granted the motion. On the resale, the property sold for considerably less than the respondent's bid. The plaintiff entered a deficiency judgment, and, in order to reduce the respondent's liability, if possible, issued execution thereon. Subsequently, upon the respondent's neglecting to pay the deficiency judgment and extra costs and expenses, a motion was made to punish him for contempt. This motion was granted, but upon appeal it was reversed upon the ground that the respondent was first entitled to be heard upon the amount of his liability. 66 App. Div. 464, 73 N. Y. Supp. 385. A formal application was then made to the Special Term to fix the amount of the respondent's liability under the previous order directing a resale of the property, and adjudging him liable for the deficiency and extra costs and expenses. The respondent appealed to this court from the order made upon that motion fixing the amount of his liability, and we modified it by striking out an item of $17, auctioneer's fees and exchange charges, by the terms of sale payable by the purchaser on the resale, and thus reduced the liability of the respondent, and affirmed it as modified. 74 App. Div. 492, 77 N. Y. Supp. 453. On appeal, the Court of Appeals affirmed the order as modified by this court. 173 N. Y. 29, 66 N. E. 1116. Pending the last previous appeal to this court, the motion to punish the respondent was made. The order as modified by us has not been reversed. The respondent insists that he could only be punished under the order as modified. The difficulty with that position is that it had not been

modified at the time the application to punish him was made and denied. Of course, after the order was modified, the plaintiff could not proceed on the original order. Two adjudications against the respondent have become final and beyond review: First, the order directing that upon a resale of the property, necessitated through his refusal to complete his bid, he shall be liable for the deficiency and extra costs and expenses; and, second, the order fixing the amount of that liability, and directing him to pay the same to the referee. The latter order was slightly modified upon appeal, as has been seen, but it was in all other respects sustained. Even with respect to the part concerning which it was modified, it was not invalid, but, at most, deemed erroneous by the appellate court. The respondent made no offer to comply with the order in whole or in part. Until it was modified or reversed, it was his duty to obey; consequently, the subsequent modification is no defense.

The learned justice at Special Term denied the motion upon the authority of Leslie v. Saratoga Brewing Co., 33 Misc. Rep. 118, 67 N. Y. Supp. 222. There is but little, if any, difference between this case and that. The learned justice who there wrote the opinion held that an execution could be based on such an order, or upon a judgment entered thereon, and the order or judgment enforced by execution, and that, consequently, the order could not be enforced by contempt proceedings. It appears to us that proceedings by execution for the enforcement of an order directing the payment of money, or by execution upon judgment to be entered thereon, do not apply to this order. Here, it will be observed, the money is directed to be paid to the referee, not to the plaintiff. The plaintiff could not issue execution. If issued at all, it would have to be issued by or in the name of the referee. That would not only be an unusual but an extraordinary proceeding, which we think was not contemplated. Section 1240 of the Code of Civil Procedure, which provides for the enforcement of final judgment by execution, is in terms only applicable to a judgment in favor of one party against the other; but even if the referee would be a party within the meaning of this provision, yet under subdivision 4, § 1241, the judgment could be enforced by contempt proceedings, since it would require "the payment of money into court, or to an officer of the court." Judgments for money due upon contracts, express or implied, or as damages for nonperformance of contracts, are expressly excepted from this provision; but the respondent's bid is not a contract with the plaintiff or with the other parties to the action, or, strictly speaking, a contract at all. No action can be maintained for its breach. Miller v. Collyer, 86 Barb. 250. It was a mere offer to or undertaking with the court through the referee, and the failure to perform is a breach of duty to the court, which the court alone can redress or punish. It would therefore seem that, even if the order may be treated as a judgment, it may be enforced by contempt proceedings. But however this may be, the respondent is directed by the order to pay a specific sum of money to a referee named, and the validity of that order has been adjudicated and established. It is not material or necessary to determine whether an execution would issue to enforce the order, for

by section 779 of the Code of Civil Procedure, which authorizes the
issue of an execution upon an order, it is expressly provided that
"nothing herein contained shall be so construed as to relieve a party
or person from punishment as for contempt of court for disobedience
to an order in any case when the remedy of enforcement by such
proceedings now exist." Section 14 of the Code of Civil Procedure
provides that "a court of record has power to punish, by fine and
imprisonment, or either, a neglect or violation of duty, or other mis-
conduct, by which a right or remedy of a party to a civil action or
special proceeding, pending in the court may be defeated, impaired,
impeded or prejudiced, in either of the following cases:  *  *  *  (8)
In any other case, where an attachment or any other proceeding to
punish for a contempt, has been usually adopted and practised in a
court of record, to enforce a civil remedy of a party to an action or
special proceeding in that court or to protect the right of a party."
Courts of chancery and equity have from time immemorial punished
by contempt proceedings parties bidding on judicial sales and failing
to complete their purchase, upon the ground that by bidding they
subject themselves to the jurisdiction of the court, and, in effect,
become parties to the proceeding. Requa v. Rea, 2 Paige, 341;
Lansdown v. Elderton, 14 Ves. Jr. 512; Ex'rs of Brasher v. Cort-
landt, 2 Johns. Ch. 505; Cazset v. Hubbell, 36 N. Y. 677; Archer v.
Archer, 155 N. Y. 415, 50 N. E. 55, 63 Am. St. Rep. 688; Andrews
v. O'Mahoney, 112 N. Y. 567, 20 N. E. 374; Stokes v. Hoffman
House, 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870. Where a
purchaser fails to complete his purchase, it is a matter of judicial dis-
cretion whether to compel him to perform his bid by contempt pro-
ceedings, or to direct a resale upon notice to him, and hold him
liable for the deficiency, with interest and costs. Graham v. Bleakie,
2 Daly, 55, 60; Burton v. Linn, 21 App. Div. 609, 47 N. Y. Supp.
835; Camden v. Mayhew, 129 U. S. 73, 9 Sup. Ct. 246, 32 L. Ed.
608. If the resale had not been directed, there could be no question
but that the court could have compelled the respondent to complete
his bid by fining or imprisoning him, or both. His failure to com-
plete would have been the basis of the contempt proceedings then,
and it is the basis of the contempt proceedings now. He had every
opportunity to complete his bid, and he cannot be heard to say that
he is prejudiced by a resale being directed, instead of proceedings
having been taken against him for contempt at that time. He
claimed to be without means. A resale was for his benefit and advan-
tage; it reduced his liability. He thus had an opportunity to in-
duce others to bid, and he had the further benefit of an effort on
the part of the plaintiff to enforce payment against the persons liable
on the mortgage for the deficiency. We fail to see how his original
contempt has been in any manner waived by the subsequent proceed-
ings. If proceeding to a resale, after a defaulting purchaser has
had notice and an opportunity to be heard, constitutes a waiver of
the contempt of which he has been guilty, then the courts are power-
less to protect suitors. If the bidder should be irresponsible, and
the plaintiff should institute contempt proceedings without a resale,
the imprisonment of the bidder would not satisfy the indebtedness

for which the property was to be sold. If the defaulting purchaser were confined for the contempt, this would require that the referee remain ready to convey title to him upon performance. Code Civ. Proc. § 2285. The payment of this indebtedness would thus be delayed indefinitely unless a resale should be decreed. We see no reason or justice in construing an order or decree for a resale as a waiver of the contempt. There is no difference in principle between enforcing the payment of this deficiency by contempt proceedings and enforcing complete performance of the bid originally. Camden v. Mayhew, 129 U. S. 85, 9 Sup. Ct. 246, 32 L. Ed. 608.

An execution will issue under section 779 of the Code of Civil Procedure to enforce an order directing the restitution of money paid out of court on a judgment subsequently reversed on an appeal, but this is not the exclusive remedy; and since it directs the payment of money into court it is not a final judgment enforceable by execution under section 1741, and in any event it is well settled that the court in such case is authorized to enforce the order by contempt proceedings as well as by execution. Devlin v. Hinman, 40 App. Div. 101, 57 N. Y. Supp. 663; Id., 161 N. Y. 115, 55 N. E. 386; Newell v. Hall, 74 App. Div. 278, 77 N. Y. Supp. 610. These authorities are quite analogous, and tend to sustain the views already expressed. It is essential that the court should have this authority. Those bidding upon judicial sales must be prepared to perform, for otherwise their act is an unwarranted interference with judicial proceedings. It is for the interest of bidders that a resale may be directed without first resorting to contempt proceedings against them. The statutory provisions are susceptible of a construction that will permit this practice, and the precedents do not prevent its adoption.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, and the respondent adjudged guilty of contempt and fined the amount of his liability under said order, less the amount stricken therefrom on the former appeal, and interest and costs of the motion, but not of the appeal; and that a formal order in the usual form, as required by the Code, adjudging the contempt and directing his commitment therefor, be entered. All concur.