Joseph Przewozniczek, Plaintiff, *v.* Victoria Machowicz et al., Defendants.

County Court, Erie County, June, 1924.

Contempt — motion to punish purchaser at referee's sale for contempt — order required purchaser to complete purchase or show cause why premises should not be resold at his expense — order entered directing purchaser to sign memorandum of purchase not order of court — sales in judicial actions subject purchaser to jurisdiction of court without written contract or memorandum — such contracts cannot be enforced by specific performance — court has power to compel purchaser at judicial sale to complete sale or stand in contempt or direct resale at purchaser's expense — motion to punish purchaser for contempt denied where court did not have cognizance of relief sought.

A motion to punish a purchaser at a referee's sale for contempt for failure to obey an order requiring him to complete the purchase or show cause why the premises should not be sold at his expense will be denied where it appears that the order entered directing that the purchaser sign a memorandum of purchase of the premises and carry out the terms of the bid was not the order of the court and where the court did not have cognizance of the relief sought.

A purchaser at a judicial sale subjects himself to the jurisdiction of the court. Such sales are not within the Statute of Frauds and are binding upon the purchasers without any written contract or memorandum. Such contracts cannot be enforced in an action for specific performance.

Where a purchaser refuses to carry out his contract, the vendor may either move to compel him to complete the sale and, upon his failure to perform, have him punished for contempt, or he may have a resale of the premises at the expense of the purchaser.

Motion to punish for contempt.

*Leon J. Nowak*, for the plaintiff.

*Wilber E. Houpt*, for the defendant.

Noonan, J. This is a motion to punish Michael J. Burke, a purchaser at a sale held by the referee in the above-entitled action, for contempt for failure to obey an order of this court granted and entered May 26, 1924, requiring him to complete his purchase.

The facts, practically undisputed, are substantially as follows: The referee duly advertised the property for sale on May 20, 1924. Before bids were asked for the terms of sale were publicly read by the referee to those present. There were forty-seven bids, running from $9,000 to $17,400, by eight different bidders, one man making fifteen bids, and Burke made nine before the property was struck off to him for $17,400. After the sale Burke refused to pay the referee ten per cent of his bid, as required by the terms of sale, and he also refused to sign an agreement to purchase. The referee then adjourned the sale until two o'clock P. M., when the highest bid received was $12,000. The referee then adjourned the sale to May 27, 1924, at eleven o'clock A. M., and upon an affidavit of the referee showing, in substance, the foregoing facts, this court granted an order directing said Burke to show cause, on May 26, 1924, why an order should not be made directing him to complete his purchase of the premises, and upon his failure so to do, to show cause why the premises should not be resold by the referee, and also why said Burke should not pay the referee the difference between the sale price of $17,400 and the amount realized upon a resale, together with expenses, taxes, etc., accruing between the sale and the resale.

Upon the return day said Burke appeared by attorney and opposed the granting of such order, but the court directed that an order be entered granting the relief asked for in the order to show cause, but the order entered did not direct a resale of the property. Instead it directed that said Burke carry out the terms of his bid by paying ten per cent of the same, or $1,740, and also by signing a memorandum of purchase of said premises, within twenty-four hours after the service upon him of a certified copy of said order. The order entered was not the order of the court. It was entered upon the honest but mistaken theory that it was right to do so under the clause of the order to show cause which asked "for such other and further order as may be just." If the attorney had asked for such an order at the hearing and had given Burke's attorney a proper chance to oppose it, and if the court had cognizance of the relief sought, it might, perhaps, have been proper to

have granted an order compelling Burke to complete his purchase instead of the order for a resale asked for in the moving papers.

There is no question as to the authority of the court to grant proper relief in the present case, when the applicant specifies the form of relief desired. A purchaser at a judicial sale subjects himself to the jurisdiction of the court. *Cazet* v. *Hubbell*, 36 N. Y. 677; *Andrews* v. *O'Mahoney*, 112 id. 567; *Archer* v. *Archer*, 155 id. 415, citing *Wood* v. *Mann*, 3 Sum. (U. S.) 318, 322, 327; *Requa* v. *Rea*, 2 Paige, 339; *Miller* v. *Collyer*, 36 Barb. 250. The reasons for the rule are admirably stated in *Wood* v. *Mann, supra*, and in *Proctor* v. *Farnham*, 5 Paige, 614.

Sales in judicial actions are not within the Statute of Frauds, and are binding upon the purchasers without any written contract or memorandum. *Andrews* v. *O'Mahoney, supra*, and cases cited at p. 572. Such contracts cannot be enforced by an action for specific performance. *Burton* v. *Linn*, 21 App. Div. 609, 610, citing *Miller* v. *Collyer, supra*.

When a purchaser refuses to carry out his contract, the seller has one of two remedies: He may either move to compel the purchaser to complete the sale and, upon his failure to perform, have him punished for contempt, or he may have a resale at the expense of the purchaser. *Burton* v. *Linn, supra*. The seller should choose his remedy and stick to it. In the present case an attempt was made to " swap horses while crossing a stream." This is not good practice. I do not think the court has the power to punish any one for disobeying an order not in conformity to the relief asked in the moving papers, and particularly so when the relief granted in the order entered was not asked for on the argument of the motion, and was not known to the court.

In the instant case I think the referee should decide which of the two remedies he wishes to invoke. If he decides to stand upon the relief demanded in the moving papers, the order of May 26, 1924, should be resettled or vacated and one entered granting the relief demanded, but if he wishes to compel the purchaser to complete his contract or be punished for contempt if he fails, then the matter should be again brought to the attention of the court in the proper way, and, as it is largely in the discretion of the court to determine which form of relief will be granted (*Burton* v. *Linn, supra*), a decision can be reached in accordance with the facts developed.

Let the proper procedure be taken to carry out the course of action hereafter decided upon by the seller.

Ordered accordingly.