Barrett, J.
[After stating the facts.] This question was determined as far back as Davis v. Sturtevant, 4 Duer, 151. Campbell, J., there said, that “the right *75 of the plaintiff to be allowed counsel fees as a part of these expenses,, was in effect determined by this court, in delivering its judgment in the People v. Compton and others (1 Duer, 512), and as this judgment has been affirmed by the court of appeals (5 Seld. 263), we think.it must now be considered as settled, that reasonable counsel fees form a part of the expenses to which, in proceedings for contempt under the statute, an aggrieved party, at whose instance an attachment is issued, and by whom it is prosecuted to judgment, is justly entitled.”
These cases have since been repeatedly followed, and the rule laid down has not been disturbed. They were not overruled, in Sudlow v. Knox, 7 Abb. Pr. N. S. 411, «nor questioned in The People v. Jacobs, 5 Sun, 428. In these later cases it was held that the court could not arbitrarily and without proof award a counsel fee to the injured party ; could not allow a counsel fee as such, nor, in fact, anything beyond “costs and expenses.” But the party is entitled to all his expenses necessarily incurred, and these are not limited to the mere disbursements, taxable in an action. Any other construction would surely tend to weaken the authority of the court. For it will be observed that the statute fails to specify the costs. The Code authorizes the judge, in supplementary proceedings, to allow the plaintiff a sum not exceeding $30. But this has no reference to the proceedings to punish for contempt.
Unless, therefore, the old fee bill still governs, motion costs would seem to be all that are allowable. This shows the importance of a liberal construction of the word ‘ ‘ expenses. ’ ’ The inj ured party should at least be made whole. He ought not to be punished for misconduct of the guilty party, as he certainly would be if not allowed, as necessary expenses, the reasonable charges of his counsel. The plaintiff’s redress instantly vindicates the order of the court, and proceedings to *76 that end should not be discouraged. Here the value of the services has been proved, also the fact of the payment; and the plaintiffs are surely as much entitled to reimbursements ior these counsel expenses, incurred in bringing the defendant to justice, as, for instance, the successful defendant in an equity suit, who is permitted to recover as damages sustained by injunction, counsel fees paid to move its dissolution.
Now as to the facts. I have gone over the reports with extreme care, in view of the very large sum reported (it is, when the amount of the judgment is considered), and with the desire .to mitigate, as far as consistent with justice to the plaintiffs, the penalty to be attached to the defendant’s misconduct.
First, then, as to damages. The amount of $31.55 specified by the referee cannot be allowed. The judgment was collected, and the defendant ought not to be mulcted, for the sum paid to the New Jersey counsel. Next, as to other expenses. The attorneys testified to services in supplementary proceedings, which they put at $222.00. These must all be disallowed. The expenses must be strictly confined to the contempt proceedings. The number of hours actually spent in these proceedings is specified by Mr. Estes in his testimony of May 22, 1877, except as to April 8. I consider this testimony accurate, and have followed it. As to that single day, I have taken Mr. Eckerson’s testimony, and accordingly hold that the session lasted three hours and a half.
The time occupied on April 26 is disallowed, because it is only devoted to the services rendered in supplementary proceedings. Some other testimony might, on a close scrutiny, be placed in the same category, but it would be difficult to eliminate it, so as to effect a precise and accurate deduction.
I have considered all that, however, in disallowance of adjournments, and in the pretty close treatment of *77 services generally. In that view, I have allowed $5 an hour ($2.50 a half hour) to the counsel, and the same for the services of the referee. As to the latter, this accords with the stipulation waiving the statutory fee, and agreeing upon $5 an hour, which was admitted upon the agreement, and is again stated in the brief of the defendant’s counsel now before me. Computing, upon this basis, the number of hours actually spent, entitled the counsel and referee each to $155. Then, for the services on the second reference, I find that there were other sessions when testimony was taken. For those, not knowing the number of hours, I allow $5 a session to counsel, and a like amount on account of the referee. There were many adjournments on both hearings, for which, under all circumstances, I feel justified in giving no special allowance.
The referee may have been, and doubtless was, entitled to more than I have allowed the plaintiff on his account, perhaps to all he has charged. For instance, I do not know what time he spent in making up his reports ; and so, as against this defendant, no allowance is made to the plaintiffs therefor. They should have procured a detailed specification thereof from the referee ; especially after the intimation given when the case was sent back.
On fining the defendant, I shall adhere to what is strictly proved in the papers now before me, taking nothing upon inferences, and giving the defendant the benefit of every reasonable doubt or defect of proof.
As to the services prior to the reference, the charge for the preparation of the original motion papers must be disallowed, as they came to nothing, owing to an oversight of plaintiff’s attorneys.
So as to the papers drawn, but not served, owing to the difficulty in finding the defendant. For the motion papers finally prepared I allow $20 ; for the service and proof thereof, $5. The ordinary disbursements are cor *78 rectly stated by the referee at $16.30. This brings the total amount up to $436.30, in which sum the defendant must be fined.
Ordered accordingly.