### WHITMAN *et al.* *v.* HAINES *et al.*

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. SHERIFFS AND CONSTABLES—FAILURE TO PAY OVER MONEY—CONTEMPT.
    Code Civil Proc. N. Y. § 2268, providing that where a contempt of court is committed by the failure to pay money as required by order of court, and the court is satisfied that a personal demand has been made, the offender may be committed, does not require such personal demand of a deputy-sheriff who fails to pay money into a depository, after service on him of the order requiring such payment.

2. SAME—INTEREST.
    Interest is chargeable on money collected by a sheriff, and withheld by him from the time of the service of the order requiring him to pay it over.

3. SAME—ORDER OF COURT—SEVERAL ACTIONS.
    Such an officer having simultaneously collected different sums by process in several different actions against the same defendant, one order requiring him to pay it over may be properly made in all the actions.

4. SAME—FINE—INDEMNITY TO AGGRIEVED PARTY—COSTS.
    Code Civil Proc. N. Y. § 2284, providing that if actual loss shall result by reason of the misconduct of a defendant in contempt proceedings, and the case is not one for which an action for damages is provided by law, a fine sufficient to indemnify the aggrieved party shall be imposed and collected and paid over to him, authorizes an allowance of counsel fees, costs, and disbursements as part of the fine imposed on such defaulting sheriff.

Appeal from special term, New York county.

On December 8, 1885, a warrant of attachment against the defendants' property was issued in each of the above actions to Alexander V Davidson, then sheriff of New York county, who deputized George W. Schaffer, the respondent, as his deputy, to execute the same. Under these attachments Schaffer levied on merchandise belonging to the defendants, and on debts owing to the defendants from about 19 merchants doing business in the city of New York, aggregating over $6,000. Between December 8, 1885, and February 17, 1886, Schaffer collected from the property so attached $4,865.08. In January, 1886, the plaintiffs' attorney requested Schaffer not to pay to Sheriff Davidson the moneys that had been collected under the warrants of attachment, for the reason that his term of office had expired, and rumors were afloat to the effect that he was insolvent. Schaffer then informed the plaintiffs' attorney that he had already paid Davidson about $2,900 of the money, but promised that he would keep the rest. In February, 1886, Davidson absconded, and thereupon the plaintiffs' attorney called upon Schaffer, and asked him if he had the money, and Schaffer then told the attorney that Davidson had compelled him to pay it all over to him a day or two before he absconded. This statement was not true. The fact was that at that time Schaffer had collected $4,865.08 and had paid Davidson $3,063.95, and had in his possession $1,801.13. On February 26, 1886, an order was entered in the above actions which contained the following directions: "It is ordered that Alexander V. Davidson, late sheriff of the city and county of New York, and his attorney, Edward J. Shelley, and each and every of the deputies and ex-deputies and clerks and assistants of the late sheriff, forthwith deposit in the United States Trust Company of New York, to the credit of said five actions, any and all moneys now in their hands, or in the hands of any of them, or which may hereafter come into their hands, or into the hands of any of them, or under their control by virtue of the warrants of attachment, or any of them, granted in the above-entitled actions, or any of them." On March 8, 1886, a copy of the above order was duly served on Schaffer, and in obedience thereto he

deposited in the trust company $90.25, and notified the plaintiff's attorney of the fact, who thereupon demanded that Schaffer deposit the rest of the moneys in the trust company, and Schaffer then repeated the statement that he had paid it all over to Davidson.    Thereupon the plaintiffs' attorney applied to the several merchants upon whom the warrants of attachments had been served, and obtained from them the canceled checks by which they had made their payments into the sheriff's office; and, seeing from the indorsements on these checks that only about $3,000 had been received by Davidson, he opened communication with Davidson, through Mr. Shelley, who was Mr. Davidson's attorney in fact, and Davidson pronounced Schaffer's statement to be false, and he made an affidavit to that effect.    Davidson sent this affidavit to Shelley, who showed it to Schaffer, and threatened that if he didn't pay over the money he had collected he would deliver the affidavit to the plaintiffs' attorney in order that he might take proceedings to have him (Schaffer) punished for contempt; and Schaffer then for the first time admitted that he had not paid over all the money to Davidson, and promised that if Shelley would give him time to get the money together he would pay it over, and early in the year 1887 he paid over $1,037.80, leaving a balance still in his hands of $673.08.    In June, 1887, these plaintiffs instituted proceedings in this court to punish Schaffer as for a contempt for his disobedience of the order requiring him to deposit the money in the trust company.    That proceeding was adjourned from time to time, and in August Schaffer paid over $465.63 more of the money he had collected, leaving a balance still in his hands of $207.45. The proceedings were thereafter adjourned to the 10th of October, 1887, and were then dismissed without prejudice to the plaintiffs' rights to renew their application as they might be advised.    On the 7th day of November, 1887, this present proceeding was commenced, to punish Schaffer as for a contempt for disobeying said order.    The motion came on before Mr. Justice BARRETT, at chambers, in December, 1887, when it was referred to George Putnam Smith, Esq., as referee, to take the proofs, and report the same with his opinion. The referee made his report, which, together with the testimony, was filed in the office of the clerk of this court on April 3, 1888.    The referee reported that the respondent had willfully disobeyed said order, and was guilty of a contempt of court, and that he should be fined for his misconduct; and on the motion to confirm the referee's report the final order was entered on April 26, 1888, directing that Schaffer be fined for his misconduct in the following sums:

(1) The amount still in his hands collected under said attachments,    -    -    -    -    -    -    -    $207 45
(2) Interest on that sum from the date of the service of the order requiring the deposit,    -    -    -    -    25 94
(3) Interest on $1,037.80 from the date of the service of the order requiring the deposit down to the day Schaffer paid over that sum,    -    -    -    -    -    -    54 10
(4) The amount paid by the plaintiffs for their expenses in prosecuting this proceeding,    -    -    -    -    320 00
(5) The taxable costs of this proceeding,    -    -    -    162 45
                                                                          ————————
                                                                          $769 94

From this order the respondent Schaffer appeals to this court.

Code Civil Proc. N. Y. § 2268, provides that where a person commits a contempt of court by failing to pay over money required by order of court, if the court shall be satisfied that a personal demand has been made on him, it may commit him.    Section 2284 authorizes the imposition of a fine on a person guilty of contempt of court in case of an actual loss resulting from such offense, which shall be sufficient to indemnify the aggrieved party, to whom such fine when collected shall be paid.

v.4N.Y.S.no.1—4

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.
*Sidney*ₕ*H. Stuart,* for appellant.   *Henry Stanton,* for respondent.

BRADY, J.   The learned justice who directed a reference in this proceeding, upon the coming in of the referee's report, and upon proper application therefor, confirmed it, with one exception.   He directed that the fine imposed be stricken out, and thus relieved the appellant from that burden.   He expressed himself upon the subjects involved in this appeal as follows:

"BARRETT, J.   *Whitman* v. *Haines, and 4 other actions.* 1. The plaintiffs having proceeded by order to show cause, the caption of the actions was properly preserved.   It is only where the proceeding is by attachment that the respondent's views are sustained by the Code and the authorities.

"2. The order of the 26th of February, 1886, was served upon Schaffer, and was binding upon him.   The deputies are servants of the sheriff, and in law they are considered but one officer.   Allen, Sher. 81, 86; *Pond* y. *Leman,* 45 Barb. 154.

"3. The order was for the benefit of the plaintiffs, and upon its service compliance was required without any special demand.   It directed payment to a trust company, and the contempt consisted in not making the payment to the trust company, as directed.   Besides, Schaffer complied in part, and thus recognized his duty under the order.   And he gave a false reason for non-compliance generally, but a reason which had no relation to the validity of the order, or the sufficiency of the service, or to any question of demand. It was simply a case where an officer of the court, having moneys in his hands, collected under process, is required to bring such moneys into court. Upon service of such an order, and proof of non-compliance, the officer is in contempt.

"4. Upon the merits there can be no doubt that the referee's conclusions are correct.   Schaffer received the moneys from Crager and Bookman, and has failed to establish their payment to Davidson.   It is not necessary to analyze the testimony upon this head.   It could not be done without reflecting seriously upon Schaffer's position.   Suffice it to say that, after reading all that has been testified to, I am satisfied that these moneys never were paid over, and that Schaffer is in contempt for non-compliance with the order, which in substance directed their deposit in the trust company.   I see no evidence to warrant Mr. Stuart's last criticism as to $10, part of the $160.43 received from Bookman.   He has referred to no testimony supporting his contention, and the referee seems to be correct even in that minor particular.   But I do not agree to the conclusion as to a fine generally.   Such a fine is only proper where no damages are proved, and where costs and expenses are alone awarded. I mean in civil contempts.   Here the fine of $250 should be disallowed.   The rest is allowed.   And it is not necessary to add much to what was then said."

We have thus, on the facts, a careful consideration of the evidence, not only by the referee, but by the learned judge who presided at the special term, when the motion for confirmation was made.   A further examination confirms the correctness of the result declared.

The only points to which it is deemed necessary to pay a passing consideration are—*First.* As to the interest charged upon the sums withheld by the appellant after the receipt of the order of February 26, 1888.   There can be no doubt that he was properly charged with the interest, because the order was, in effect, a direction to pay the money into court; and if he had any rights in reference to it they would in that way have been preserved.   And, *secondly,* as to the proposition that the order, having been made in five actions, with different plaintiffs, was void, it is only necessary to say that the attachments were issued simultaneously, and the whole fund in the possession of the appellant was applicable to them, and for that reason it was a beneficial way to the appellant of presenting the application.   It prevented the imposi-

tion of costs in each action separately, and was in no way objectionable, because the subject considered and the points involved related to each one of the litigations. And, *thirdly*, as to the necessity for a demand, it must be said that there can be no doubt, as already suggested, that the order was one to pay money into court, and therefore the order to show cause, if any demand were necessary, was a sufficient performance of that ceremony.

There is nothing in sections 2267, 2268, and 2269 of the Code, on such a state of facts as existed here, requiring that a demand should be made before proceedings to punish for a contempt could be instituted. Section 2268 evidently refers to an order requiring the payment of money to a person *eo nomine*, and not to an order directing its payment into court, or to an officer selected by the court to receive it. All the contentions as to the necessity of a demand, therefore, in the points relating to that subject, are answered by this suggestion. The allowance of the sum of $250 for counsel fee, and the costs and disbursements, are justified by section 2284 of the Code. *People* v. *Railroad Co.*, 76 N. Y. 294; *Van Valkenburgh* v. *Doolittle*, 4 Abb. N. C. 72. The learned counsel for the appellant regards the proof as to the amount of the counsel fee as too meager to justify its allowance. But in this he is mistaken. It may be said that the judge, in consideration of the motion, could himself determine with great accuracy the question as to value, and was in the best possible condition to know whether the evidence given on that subject was sufficient. The bulk of the record, containing, as it does, 175 pages of printed matter, would seem to indicate that the sum awarded was not an excessive compensation for the services rendered. The order should be affirmed, with $10 costs and disbursements. All concur