### HART v. McLAUGHLIN.

(Supreme Court, Appellate Division, First Department.   May 11, 1900.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE OF CHARACTER—HEARSAY.

In an action for malicious prosecution, it was error to permit defendant to testify that he had been told, previous to making the charge, that plaintiff was a bad man and a crook, that he had been in prison in Boston, and by reason of trouble he had in St. Louis and Chicago had to leave, to show plaintiff's character, and on the issue of probable cause, as it was hearsay, and opinion based on specific facts.

2. SAME—EVIDENCE—GENERAL REPUTATION.

When character is in question, or when material to enable another to form an opinion, it can be shown only by the general reputation which the man bears in the community, and not by evidence of specific acts, or an opinion based on specific acts.

Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Max Hart against Charles H. McLaughlin for malicious prosecution. From a judgment in favor of defendant and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Milton Mayer, for appellant.
J. Van Vechten Olcott, for respondent.

RUMSEY, J. The action was for malicious prosecution. The defendant was a witness in his own behalf. In the course of his testimony he swore that in the month of January, 1897, and before he had made the complaint upon which Hart was arrested, and which lay at the basis of the action, he had a talk with one Elkan, and he was asked what Elkan said to him about Hart. The question was objected to as incompetent, immaterial, irrelevant, and hearsay. The objection was overruled, and the plaintiff's counsel excepted to the ruling. In reply to the question, and to several others of the same nature, the defendant testified substantially that Elkan told him that Hart was one of the worst men he knew; that he had been in prison in Boston, was one of the biggest crooks in New York City, and that he knew Hart was going to do him; and that Hart had been in trouble in St. Louis and Chicago, and had to clear out and leave both those places.   The

plaintiff urges that the reception of this evidence was error, for which the judgment and order should be reversed.

In our judgment, the exception is well taken, and the admission of this evidence was fatal to the judgment. It was admitted generally in the action, and so the jury were entitled to consider it as bearing, not only upon the question of damages, but also on the question of probable cause, and undoubtedly they did consider it upon that point. That the evidence is hearsay is quite apparent, but it is claimed to be material because it is urged that when one is attempting to show that he had probable cause for making a criminal charge against another he has the right to take into consideration the character of that person. The defendant insists that if the person against whom the charge is made is notoriously a man of bad character, and has been convicted of other crimes, or is one whose reputation is not good, a reasonable man may believe that such a person has committed a particular offense upon less proof of its commission than if he were a man who bore a good character in the community. It is quite possible that may be true, and in view of that possibility it has been held in other states that in actions of this nature proof of the general reputation of the plaintiff would be competent as bearing upon the question of probable cause, as well as in mitigation of damages. Bacon v. Towne, 4 Cush. 217; Barron v. Mason, 31 Vt. 189; 2 Greenl. Ev. § 454 et seq.

Whether we concur in the result of these cases it is not necessary to consider, because the testimony admitted over the plaintiff's exception cannot be said in any way to afford proof of the plaintiff's general reputation, which is all that is said to be admissible in the cases above cited. Nor was it proof of any fact, and therefore it is not within the reasoning which has led some courts to suggest, but not to decide, that evidence that the plaintiff was guilty of a crime of the same nature as the one for which the defendant caused him to be arrested is competent as bearing upon the question of probable cause. Barron v. Mason, 31 Vt. 189. All that the testimony amounted to was a statement of a person not under oath of his opinion that Hart was a bad man and a crook, and a story that he had been in prison in Boston, and had been in trouble in St. Louis and Chicago, and had had to leave those places. It was hearsay as to specific facts which may or may not have been true, and which if true did not necessarily show that Hart had been guilty of any crime. So far as it was an opinion, it was a statement of one person of what he thought of Hart, based, probably, upon his own experience, or probably upon his dislike. It did not purport to be a statement of the reputation which Hart bore in the community. Whenever the reputation of one is in question, or whenever that reputation is material in enabling another to form an opinion, it must be shown, not by specific acts, nor by an opinion based only upon specific acts, but upon the general reputation which the man bears in the community, and in no other way can it be proved. People v. Greenwall, 108 N. Y. 296–302, 15 N. E. 404.

There was nothing in the evidence which would justify the defendant in coming to the conclusion that Hart was guilty of the crime which he charged against him. The evidence had not the slightest tendency to afford a reasonable man ground to believe that Hart was

guilty of any crime, and for that reason it was utterly incompetent, and the objection was well taken, and the judgment must be reversed. This conclusion renders it unnecessary to consider any of the other questions presented, which in every probability will not arise upon another trial.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

INGRAHAM, J. (dissenting). It is not disputed but that upon the evidence a question was presented for the jury as to whether or not the plaintiff had sustained the burden of proving the want of probable cause of the plaintiff's guilt of the crime of which he was charged. If the testimony of the plaintiff is to be believed, it is quite evident that there was no cause for the arrest; if the testimony of the defendant is to be believed, it is quite evident that not only had he probable cause for believing the plaintiff guilty of the crime of which he was charged, but that the plaintiff was guilty of such crime, and should have been punished. In an action of this character, to entitle the plaintiff to recover, it must appear that the defendant acted maliciously, with a wanton desire to injure the plaintiff, and that the defendant also acted without probable cause to believe that the plaintiff was guilty of the crime charged. It is, however, the settled rule that the actual malice necessary to sustain the charge may be presumed from the proof of want of probable cause, but such want of probable cause is essential to the maintenance of the action. Probable cause has been defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. However innocent the plaintiff may have been of the crime laid to his charge, it is enough for the defendant to show that he had reasonable ground for believing him guilty at the time the charge was made." Foshay v. Ferguson, 2 Denio, 619. Thus, the crucial question in the action is the information which had come to the defendant, and upon which he acted at the time the charge was made. It is also settled that the defendant is entitled to prove statements made to him as to facts upon which the charge is predicated, and which he was justified in believing as an answer to proof made by the plaintiff as to want of probable cause. This evidence is not hearsay, for it is not received as proof of the facts stated, but as proof of the condition under which the defendant acted in making the criminal charge. A defendant in such an action may prove the existence of facts within his own knowledge which tended to induce the belief that the plaintiff was guilty of the crime charged, and he is also entitled to prove statements made to him by others which tend in the same direction. A person under such circumstances has not the power to subject those making statements to him to an examination under oath. He is bound to act upon appearances as they are presented, and if, from the facts of which he has knowledge and statements made to him by persons entitled to belief, there was probable cause that the

plaintiff was guilty of the crime charged, an action for malicious prose-
cution cannot be maintained. I think the application of this general
principle justified the court in admitting the evidence which was ob-
jected to by the plaintiff. The question presented was whether, from
the knowledge that had come to the defendant at the time he made
the charge, there was a reasonable ground of suspicion supported by
circumstances sufficiently strong in themselves to warrant a cautious
man in the belief that the plaintiff was guilty of the offense with
which he was charged. The offense with which he was charged was
obtaining the property of the defendant by false and fraudulent repre-
sentations. The defendant had personal knowledge of the representa-
tions that were made by the plaintiff. As to the falsity of those rep-
resentations, he made inquiries of those who would naturally have in-
formation upon the subject, and was told by those persons that the
representations made by the plaintiff were false, and it was upon
those statements that he acted. It was quite competent for him to
testify as to the statements that had been made to him by the persons
inquired of. The facts tending to show that a crime had been com-
mitted would not be competent upon this branch of the case, unless it
appeared that the defendant at the time he made the charge had been
informed of them. Thus, it was competent for the plaintiff to testify
as to statements made to him by Webb, who was one of the officers of
the company who made the note about which it is alleged the plaintiff
made false and fraudulent representations, and also the testimony of
the cashier of the Irving National Bank as to the amount that the
maker of the note had on deposit. I think, also, that the application
of the same rule justified the testimony as to the statements made to
the defendant by the plaintiff's brother-in-law, Elkan. The defend-
ant's testimony as to Elkan's representations was that before the note
became due, and before the prosecution was instituted, Elkan had an
interview with the defendant, at which he stated to the defendant that
the plaintiff was one of the worst men in the city; that he was one of
the biggest crooks in New York City, and that he (Elkan) knew that
the plaintiff was going to "do" the defendant; that the plaintiff had
been in trouble in Chicago and St. Louis, and had to clear out and
leave both of those places. If Elkan had known that the plaintiff was
attempting to "do" the defendant, which I suppose indicates some
attempt to defraud him, and had so stated to the defendant, it would
certainly have weight with the defendant as to his belief in the guilt
of the plaintiff. This was not competent evidence upon an issue as
to the general character of the plaintiff, but it was a fact that had been
communicated to the defendant, and upon which he based his belief in
the charge against the plaintiff; and I think he was entitled to state
to the jury that such a fact had been communicated to him, to be con-
sidered by the jury in determining whether or not he had probable
cause to believe that the plaintiff was guilty of the crime charged, and
whether he had been actuated by actual malice. It is settled that evi-
dence of the general character of the person against whom the charge
is made, and which was known to the person making the charge at the
time it was made, may be given in evidence upon the question of prob-
able cause (see cases cited in note, 14 Am. & Eng. Enc. Law, 60); and

I can see no reason why a communication of the fact that the person charged had been guilty of the commission of similar crimes before is not also a circumstance to be considered by the jury in determining this question. It is quite true that proof of former crimes would not, of themselves, be probable cause, or justify a person in making a criminal charge against another; but, where a party has evidence tending to show that another has committed a crime, the fact that he also had evidence, or that statements had been made to him, that the person had committed other crimes of a similar character before, is a circumstance which is competent in submitting the questions of probable cause and of actual malice to the jury. Whether or not he had committed such other crime is entirely immaterial, except as evidence as to the conditions under which the defendant acted, and the information which induced him to act. As this is the only exception upon which it is proposed to reverse this judgment, it is not necessary to discuss the other questions presented.

I do not think that there was error to justify a reversal of the judgment.