(65 Misc. Rep. 162.)

### STATE BANK v. WILCHINSKY et al.

(Supreme Court, Special Term, New York County.   November 8, 1909.)

1. CONTEMPT (§ 25*)—REFUSAL TO PAY MONEY AS ORDERED—DEMAND—SUFFI-CIENCY.

When an order of the court directs a person to pay money into court or to an officer thereof, service of the order is a sufficient demand of payment to subject him to punishment for contempt for nonpayment, and, though he has a reasonable time within which to pay, further demand is not necessary, notwithstanding Code Civ. Proc. § 779, providing for the collection of money directed by an order to be paid.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 78; Dec. Dig. § 25.*]

2. JUDGMENT (§ 852*)—STAY—SECURITY—FAILURE TO GIVE SECURITY.

Where the court, after making an order directing a person to pay money to an officer of the court, granted a stay on condition that he file and serve an undertaking with sufficient sureties, the failure of the sureties to justify on objection to their sufficiency, and to procure an allowance of the sureties by the court, is, under Code Civ. Proc. § 1335, the same as if an undertaking had not been given, and the stay is not in force.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1564; Dec. Dig. § 852.*]

3. CONTEMPT (§ 61*)—DISOBEDIENCE OF ORDER TO PAY MONEY—DEFENSE.

The court, on motion to punish for contempt for failure to pay, as directed by an order of court, to the referee in a foreclosure action the damages ascertained on a reference before another referee for that purpose, cannot determine whether excessive damages were awarded by the latter referee, for an objection thereto should have been urged before such referee.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 192; Dec. Dig. § 61.*]

Action by the State Bank against Henry Wilchinsky and others. On motion to punish Harris Shapiro for contempt of court.   Granted. See 118 N. Y. Supp. 578.

J. J. & A. Lyons (Benjamin M. Cardozo and Alfred Lyons, of counsel), for the motion.

Johnston & Johnston (Charles L. Hoffman, of counsel), opposed.

GIEGERICH, J.   It is sought by this motion to punish the respondent Harris Shapiro for contempt of court in failing to pay the sum of $11,338.12, with interest on a portion thereof, as directed in an order of this court made and entered herein on or about the 27th day of May, 1909.   The circumstances which resulted in such order, so far as they need be referred to, are these: Shapiro purchased the premises involved in this action at a foreclosure sale, and after paying a portion of the amount bid by him failed to complete his purchase by payment of the remainder.   Thereupon an order was obtained by the plaintiff which directed him to pay to the referee in the foreclosure action the amount of the resulting damages, which had been ascertained upon a reference held before another referee for that purpose. The referee in the proceeding to ascertain the damages reported them to be the sum of $10,635.87, with interest from June 16, 1908.   The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

referee's and stenographer's fees amounted to $702.25. The referee's report was confirmed, and by an order of this court, made and entered on or about the 27th day of May, 1909, Shapiro was directed to pay to the referee in foreclosure the sum of $10,635.87, with interest thereon from June 16, 1908, together with the expenses of the reference, amounting to $702.25. On the 1st day of June the referee in foreclosure delivered to Shapiro and left with him a certified copy of the order directing such payments, and at the same time delivered to him and left with him a written demand that he make the same. That demand, omitting the recitals, ran as follows:

"That you pay to me the sum of $10,635.87, found by the report of Hon. Roger A. Pryor, referee in this action and proceeding, to be the damages sustained by the plaintiff by reason of your failure to complete your purchase of the premises described in the aforesaid judgment of foreclosure and sale, and that you pay to me interest on said last-mentioned amount from June 16, 1908, and in addition to said first-mentioned amount and interest, the sum of $702.25 paid for referee's and stenographer's fees, making in all (not including the interest aforesaid) the sum of $11,338.12.

"Dated New York, June 1, 1909.

"Yours, etc.,                              Charles Firestone, Referee.
"To Harris Shapiro."

Shapiro has never paid to the referee the aforesaid amounts, or any part thereof, and this motion is made to punish him for his contempt in failing to do so.

The first objection made to the granting of the motion is that no proper demand was shown, the claim being that the demand was premature, as the respondent had, under section 779 of the Code of Civil Procedure, 10 days in which to make the payment, or at least had a reasonable time, and, further, that the demand in writing was insufficient, and should have been accompanied by spoken words, and also that the amount of interest should have been stated. With respect to this objection, the counsel for the plaintiff argue that the order in question is a final order in a special proceeding, and therefore does not fall within the intention of the Code section quoted, which is found in a title dealing with motions and orders generally, and contemplates, they claim, interlocutory proceedings only, and provides for the staying of other proceedings in the event of nonpayment. It is not necessary to determine this question, however, because, where money is directed to be paid into court, or to an officer of the court, no demand is necessary other than the service of the order directing such payment.

In Devlin v. Hinman, 40 App. Div. 101, 57 N. Y. Supp. 663, affirmed on opinion below 161 N. Y. 115, 55 N. E. 386, the court had ordered the defendant to pay over certain moneys to the treasurer of the county of Kings. In passing upon the question whether an execution could issue under the provisions of section 779 of the Code of Civil Procedure, the court held that the order did not direct the payment of money to any "person or party" within the meaning of the section referred to, observing that the officer to whom payment was to be made was, for the purposes of the order, the court, for the reason that, when the money was paid to him, it was within the custody of the court, and, therefore, that the Code provision quoted did not embrace such custodian within its terms, and did not assume to affect or change any

remedy which existed at the time of its passage, if such remedy were by proceedings for contempt. To the same effect, see Rowley v. Feldman, 84 App. Div. 400, 82 N. Y. Supp. 679.

It would therefore seem that section 779 was not intended to have application to such a situation as is here presented. Furthermore, even though it be conceded that the respondent had 10 days, or a reasonable time, within which to make the payment, no demand whatever was necessary, inasmuch as the money was directed to be paid, not to an individual, but to an officer of the court. In Whitman v. Haines, 51 Hun, 640, 4 N. Y. Supp. 48, affirmed on opinion below 119 N. Y. 639, 23 N. E. 1148, the court used the following language:

"Section 2268 evidently refers to an order requiring the payment of money to a person eo nomine, and not to an order directing its payment into court, or to an officer selected by the court to receive it. All the contentions as to the necessity of a demand, therefore, in the points relating to that subject, are answered by this suggestion."

The next objection urged against the granting of the motion is that the stay of proceedings on the part of the plaintiff, granted by an order of this court on July 8, 1909, is still in force. That stay was granted, however, on condition that the respondent file and serve, within 10 days after service of a copy of such order, with notice of entry, on his attorneys, an undertaking with two sufficient sureties, or a surety company, that he would, if the order appealed from was affirmed, comply with the provisions thereof and make the payments therein directed. It is undisputed that a copy of such order, with notice of entry, was duly served upon the attorneys for the respondent on the 16th day of July, 1909. On the 26th day of July, 1909, the respondent filed and served on the attorneys for the plaintiff an undertaking on which one Herbert Shapiro and one Isaac L. Shapiro were sureties. The plaintiff's attorneys objected to the sufficiency of such sureties, but no justification was ever made; but, on the contrary, they made default, and a dismissal of their justification resulted. The effect of such failure to justify and procure an allowance of the sureties by the court is the same as if the undertaking had not been given. Lewin v. Towbin, 51 App. Div. 477, 64 N. Y. Supp. 740; Code Civ. Proc. § 1335.

The only objection remaining to be considered is the one relating to the damage which the plaintiff is entitled to receive; the argument being made that the amount fixed by the referee included moneys which the plaintiff attempted to collect for others as an equitable trustee. This is a question, however, which cannot be entered into in the present proceeding. Any objection the respondent may have had in that regard should have been urged before the referee who was appointed to ascertain the plaintiff's damages.

The motion must therefore be granted, with $10 costs. The terms upon which the respondent will be permitted to purge himself of his contempt will be determined upon the settlement of the order.